COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Haley and Beales
Argued at Alexandria, Virginia


KELLY LYN JOHNSON

v.      Record No. 2226-09-4

CHARLES HOWARD JOHNSON

OPINION BY
CHIEF JUDGE WALTER S. FELTON, JR.
JULY 13, 2010


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge

Alanna C.E. Williams (The Duff Law Firm, on brief), for appellant.

Benjamin B. Fitzgerald (Jeanine M. Irving; Sevila, Saunders,
Huddleston & White, P.C., on brief), for appellee.


Kelly Lyn Johnson ("wife") appeals from an order of the Loudoun County Circuit Court

("trial court") permitting Charles Howard Johnson ("husband") to satisfy an installment payment

of a monetary award to wife by transferring his marital share of his retirement accounts pursuant

to Code § 20-107.3(D).  Wife contends the trial court abused its discretion in approving that

transfer as complying with its equitable distribution award.  She also contends the trial court

abused its discretion in failing to award her attorney's fees and her expert witness' fees.  Both

parties request attorney's fees incurred on appeal.  For the following reasons, we affirm the

judgment of the trial court.

## I.  BACKGROUND

On appeal, we view the evidence in the light most favorable to husband, the party

prevailing below, "and grant all reasonable inferences fairly deducible therefrom."  Anderson v.

Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999).

On March 27, 2009, wife was granted a final divorce on the grounds of adultery. As part of its equitable distribution award, the trial court decreed:

> [Husband] shall pay to [wife] a monetary award in the amount of One Million Two Hundred Thousand Dollars ($1,200,000.00). The award will be payable over a period of ten (10) years in equal amount of One Hundred Twenty Thousand Dollars ($120,000.00) payable on the 1ˢᵗ day of June of each year commencing June 1, 2009. *Subject to approval of the Court, [husband] may satisfy the award through the conveyance of property*.

(Emphasis added).

On June 24, 2009, wife filed a petition for rule to show cause asserting that husband had not paid the first installment of the monetary award due June 1, 2009. On July 6, 2009, husband filed a motion to transfer property to satisfy monetary award, asking the trial court to approve a transfer of $120,000 of his marital share of his Charles Schwab Rollover IRA and his Diakon Logistics 401(k) in satisfaction of the first installment of the monetary award due wife.

On August 17, 2009, the trial court heard the parties' evidence and argument. Husband testified that he did not have $120,000 in cash and that the retirement accounts were the sole assets available to him to transfer at that time. Wife testified that she needed the money to pay various bills and debts and would have to liquidate any property transferred to her in order to do that. Wife's accountant, qualified as a tax expert, testified that if wife were to "cash[] out" the retirement accounts husband sought to transfer to her to satisfy the required installment payment, she would only "net" $60,736 after taxes and penalties. The tax expert testified that if wife were to cash out the retirement accounts, the funds she received would be treated as income to her for tax purposes and that she would also incur a ten percent early withdrawal penalty. He testified that husband would have to transfer retirement accounts valued at $231,200 for wife to "net" $120,000 in cash.

After considering the testimony and argument of counsel, the trial court concluded:

> [E]quitable distribution is not a substitute for spousal support or child support. It is a matter a [sic] property interests.

And when I ordered that in this case the award could be satisfied by the transfer of property, I think that intended to mean the value of the property. It was $120,000. What she decides to do with it is up to her. And I don't think the Court should take any consideration of the fact that she's going to say she wants to cash out.

I think he's under an obligation to transfer the $120,000 represented in these retirement accounts.

The trial court granted husband's motion to transfer $120,000 of his marital share of his retirement accounts to satisfy the first installment of the monetary award, found that this transfer complied with its final decree of divorce, and declined to order husband to pay wife's attorney's fees and expert witness' fees.

## II. ANALYSIS

### A. Transfer of Property

Wife contends the trial court abused its discretion in permitting husband to transfer $120,000 of his marital share of his retirement accounts to her in satisfaction of the first installment of the monetary award. She argues that transfer to her would net her only $60,736 after taxes and early withdrawal penalties, whereas the installment payment of the monetary award due her on June 1, 2009 was $120,000.

Code § 20-107.3(D), relating to the equitable distribution of marital property, provides:

[B]ased upon (i) the equities and the rights and interests of each party in the marital property, and (ii) the factors listed in subsection E, *the court has the power to grant a monetary award, payable either in a lump sum or over a period of time in fixed amounts, to either party. The party against whom a monetary award is made may satisfy the award, in whole or in part, by conveyance of property, subject to the approval of the court.* An award entered pursuant to this subsection shall constitute a judgment within the meaning of [Code] § 8.01-426 and shall not be docketed by the clerk unless the decree so directs. The provisions of [Code] § 8.01-382, relating to interest on judgments, shall apply unless the court orders otherwise.

(Emphasis added).

We have previously held that Code § 20-107.3(D) provides that "[o]nce a monetary award has been made, the party against whom it was made may satisfy the award by conveyance of property with the court's approval." Venable v. Venable, 2 Va. App. 178, 185, 342 S.E.2d 646, 651 (1986).

> The obvious reason for this provision [of Code § 20-107.3(D)] is to enable the parties to make payment of a monetary award by adjustment of their property. The legislature gave the option of this method of payment to the "party against whom a monetary award is made." The statute makes no mention of consent, approval or acceptance by the party to whom the property is to be conveyed. However, it does make such a transfer subject to the court's approval. We believe this provision serves to prevent unilateral action by the party seeking to make payment by the transfer of property.

Payne v. Payne, 5 Va. App. 359, 366, 363 S.E.2d 428, 432 (1987).

We have held that "either the granting or the withholding of court approval of the transfer must reflect the exercise of sound judicial discretion in the light of all of the circumstances presented." Id. Sound "judicial discretion mandates a careful consideration of all of the pertinent circumstances to determine whether the approval of the transfer of the . . . property was an appropriate method of payment of the [monetary] award . . . ." Id. at 367, 363 S.E.2d at 432.

Wife asserts that our holding in Payne supports her contention that here the trial court abused its discretion in approving the transfer. We disagree.

In Payne, the wife appealed the trial court's equitable distribution award, as well as its approval of a transfer of property to the wife pursuant to Code § 20-107.3(D) in satisfaction of part of that award. 5 Va. App. at 364-65, 363 S.E.2d at 431. There, the trial court approved of the husband's transfer of real estate located in California, "several thousand miles" away from the wife's residence, in satisfaction of its monetary award to wife. Id. at 367, 363 S.E.2d at 432. The wife argued that the trial court's approval of the transfer of that property to her required her to assume a mortgage debt against that property for which she had previously been absolved of all

- 4 -

liability. The wife also "was *required* to assume the burden of selling the property which [the husband] had been unable to do." Id. at 367, 363 S.E.2d at 433 (emphasis added). On appeal, we found that, under those circumstances, the trial court abused its discretion by requiring the wife to accept that property in satisfaction of its monetary award to her as part of its equitable distribution award. Id.

Here, unlike the property transferred in satisfaction of the equitable distribution monetary award in Payne, wife's ability to access the retirement accounts would not be difficult, though her immediate conversion of those accounts to cash would result in a net value to her less than the value to husband at the time of the transfer.[1] In granting husband's motion to transfer his marital share of his retirement accounts, valued at $120,000, to wife in satisfaction of the $120,000 installment of the equitable distribution monetary award due June 1, 2009, the trial court stated: "[W]hen I ordered that in this case the award could be satisfied by the transfer of property, I think that intended to mean the value of the property. It was $120,000. . . . I think he's under an obligation to transfer the $120,000 represented in these retirement accounts."

It is firmly established that "'trial courts have the authority to interpret their own orders.'" Albert v. Albert, 38 Va. App. 284, 297-98, 563 S.E.2d 389, 396 (2002) (quoting Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000)). "On appeal, "'when construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court.'"" Morrill v. Morrill, 45 Va. App. 709, 718, 613 S.E.2d 821, 825 (2005) (en banc) (quoting Albert, 38 Va. App. at 298, 563 S.E.2d at 396 (quoting Fredericksburg Constr. Co., 260 Va. at 144, 530 S.E.2d at 152; Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999) (en banc))).

---

[1] Here, wife did not appeal the trial court's equitable distribution award. Only the approval by the trial court of the transfer of property pursuant to Code § 20-107.3(D) in satisfaction of the June 1, 2009 installment of the monetary award is before us on appeal.

Here, the trial court interpreted its own final order of equitable distribution of the parties' marital assets, particularly the provision in that order stating that, "[s]ubject to approval of the Court, [husband] may satisfy [installments of the monetary] award through the conveyance of property." On this record, we cannot find that the trial court abused its discretion in interpreting its own order approving husband's transfer of property to wife, which had a value of $120,000 at the time of the transfer, as satisfying the June 1, 2009 installment payment of its monetary award.

B. Attorney's Fees and Expert Witness' Fees in the Trial Court

In her second question presented, wife contends the trial court abused its discretion in failing to award her attorney's fees and her expert witness' fees.

1.

"Whether to award attorney's fees 'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'" Kane v. Szymczak, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003) (quoting Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002)). "We will reverse the trial court's decision whether to award attorney's fees to a party only where the record shows a clear abuse of discretion." West v. West, 53 Va. App. 125, 136, 669 S.E.2d 390, 396 (2008).

The record on appeal does not contain any information regarding any attorney's fees incurred by wife in the trial court. Moreover, the trial court determined that husband's transfer of property, valued at $120,000 at the time of transfer, satisfied its prior order. On this record, we cannot find that the trial court abused its discretion in declining to award attorney's fees to wife.

2.

Wife also asserts that the trial court erred in refusing to award her expert witness' fees incurred in that court. However, wife's brief contains no argument or legal authority in support of her assertion that she was entitled to an award of expert witness' fees. Rule 5A:20(e)

provides, in part, that the opening brief shall include "[t]he principles of law, the argument, and the authorities relating to each question presented." "If the parties believed that the circuit court erred, it was their duty to present that error to [the Court of Appeals] with legal authority to support their contention." Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008); see also Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008). Because wife's failure to comply with the mandates of Rule 5A:20(e) is significant, that portion of her second question presented, contending that the trial court erred in refusing her request for expert witness' fees, is waived.

## C. Attorney's Fees Incurred on Appeal

Both parties seek an award of attorney's fees incurred on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). After considering the record before us, we decline to award either party attorney's fees on appeal.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.