COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Elder, Petty and McCullough
Argued at Richmond, Virginia


CLIFTON LEE HARRIS

MEMORANDUM OPINION* BY
v.       Record No. 1957-11-2         JUDGE WILLIAM G. PETTY
NOVEMBER 13, 2012

LAURA TERESA HARRIS


FROM THE CIRCUIT COURT OF GREENE COUNTY
J. Howe Brown, Judge Designate

John L. Bauserman, Jr. (Pikrallidas & Associates, on briefs), for
appellant.

Kelly A. Hobbs (Dygert, Wright, Hobbs & Heilberg, PLC, on brief),
for appellee.


Clifton Lee Harris ("husband") appeals an order of the trial court denying his motion to

modify spousal and child support.  Husband alleged that Laura Teresa Harris ("wife") had been

habitually cohabiting with another man in a relationship analogous to a marriage for more than

one year.  Accordingly, husband sought to terminate his spousal support payments pursuant to

Code § 20-109(A).[1]  On appeal, husband assigns the following errors:  (1) the trial court erred by

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 20-109(A) provides, in pertinent part:

Upon order of the court based upon clear and convincing evidence
that the spouse receiving support has been habitually cohabiting
with another person in a relationship analogous to a marriage for
one year or more commencing on or after July 1, 1997, the court
shall terminate spousal support and maintenance unless
(i) otherwise provided by stipulation or contract or (ii) the spouse
receiving support proves by a preponderance of the evidence that
termination of such support would be unconscionable.

concluding the evidence was insufficient to prove that wife was cohabiting with another person in a relationship analogous to a marriage for more than one year; (2) the trial court erred by misinterpreting and misapplying the applicable common law factors to the facts of this case in its determination of whether wife was cohabiting with another person in a relationship analogous to a marriage for more than one year; and (3) the trial court erred by permitting wife's lay witnesses to give opinion testimony regarding the ultimate issue of fact (i.e., whether wife was cohabiting with another person in a relationship analogous to a marriage). For the reasons expressed below, we disagree with husband's arguments. Therefore, we affirm the judgment of the trial court.

## I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "On appeal, we view the evidence in the light most favorable to . . . the party prevailing below, 'and grant all reasonable inferences fairly deducible therefrom.'" Johnson v. Johnson, 56 Va. App. 511, 513-14, 694 S.E.2d 797, 799 (2010) (quoting Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999)). Moreover, "[u]nlike questions of fact, which are binding on this Court if supported by evidence, we review questions of law *de novo*." Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (en banc).

## II.

### A. Cohabitation in a Relationship Analogous to a Marriage

As husband's first two assignments of error are related, we will discuss them together. Husband contends that the trial court erred both as a matter of law and as a matter of fact in its analysis and findings regarding whether wife habitually cohabited with another person in a

- 2 -

relationship analogous to a marriage for one year or more. We find no reason to disturb the findings or conclusion of the trial court on this matter.

As we have recently emphasized, "'the term "cohabit" means to live together in the same house as married persons live together, or in the manner of husband and wife.'" Cranwell v. Cranwell, 59 Va. App. 155, 161, 717 S.E.2d 797, 800 (2011) (quoting Schweider v. Schweider, 243 Va. 245, 248, 415 S.E.2d 135, 137 (1992)). Indeed, "[t]he requirement that the payee ex-spouse and that party's paramour be shown to have established and shared a common residence is firmly established in Virginia case law." Pellegrin v. Pellegrin, 31 Va. App. 753, 764, 525 S.E.2d 611, 616 (2000) (citing Schweider, 243 Va. at 248-49, 415 S.E.2d at 137; Petachenko v. Petachenko, 232 Va. 296, 299, 350 S.E.2d 600, 602 (1986); Frey v. Frey, 14 Va. App. 270, 275, 416 S.E.2d 40, 43 (1992)). "Thus, if two individuals do not share a common residence, they are not cohabiting. Although 'proof of a common or shared residence does not itself establish cohabitation,' sharing a common residence is a 'requirement' for cohabitation." Cranwell, 59 Va. App. at 162, 717 S.E.2d at 800 (quoting Pellegrin, 31 Va. App. at 764, 525 S.E.2d at 616). If the finder of fact concludes that two individuals have not established and shared a common residence, then there is no need to perform further analysis or consider additional factors—the two individuals are not cohabiting. See id. at 163, 717 S.E.2d at 801.

Here, while the evidence was in conflict regarding the number of nights wife's boyfriend spent at her house, the trial court did not find that husband's evidence proved that wife and her boyfriend had established and shared a common residence. The boyfriend testified that he maintained a separate residence and that he was not living at wife's house. The parties' daughter, who lived with wife, also testified that she saw the boyfriend only once or twice a week and that at times she would not see him for two weeks. The daughter also verified that the boyfriend had a separate house near Charlottesville. Friends of the wife, who had been to her

- 3 -

home, testified that they did not see any men's clothing in the house. Finally, wife denied that her boyfriend resided at her house.

The trial court concluded that husband had failed to prove, by clear and convincing evidence, that wife was cohabitating with her boyfriend. The trial court expressly found, "I don't think they ever established a common residence." The trial court based its conclusion on the fact that the boyfriend did not keep clothes at wife's house. The trial court reasoned that although the boyfriend was involved in a long-term romantic relationship with wife and kept his snow blower and motorcycle at wife's house, such actions did not render him a resident of the house. We cannot say that the trial court's conclusion was "plainly wrong or without evidence to support it." Code § 8.01-680.

Because husband failed to prove that wife and her boyfriend shared a common residence, wife has not "been habitually cohabiting with another person in a relationship analogous to a marriage for one year or more," under Code § 20-109(A), and the trial court did not err in so concluding.

### B. Admission of Lay Opinion Testimony

With respect to husband's third assignment of error regarding the admission of lay opinion testimony, we note that husband's entire argument on this issue in his brief consists of the following: "It further was material error of law to allow the opinion testimony of lay witnesses as to the ultimate issue of fact, of whether the wife and her paramour were living together, over the objection of the appellant. The trial court committed material and prejudicial error in this regard." Appellant's Br. at 30. Husband cites no legal authority whatsoever to support his contentions regarding this issue, and husband's counsel stated at oral argument, "There's no cases on point to that." Oral Argument at 12:20 (Oct. 17, 2012).

- 4 -

We have repeatedly stated that if a party believes a circuit court has erred, it is that party's "duty to present that error to us with legal authority to support [the party's] contention." Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008). A party's failure to do so, if significant, waives the party's right to have its contention reviewed by this Court. Id.; see Rule 5A:20(e) (requiring that an appellant's opening brief contain "the argument (including principles of law and authorities) relating to each assignment of error").

Here, there is a statute directly on point, Code § 8.01-401.3, which provides:

> No expert or lay witness while testifying in a civil proceeding shall be prohibited from expressing an otherwise admissible opinion or conclusion as to any matter of fact solely because that fact is the ultimate issue or critical to the resolution of the case. However, in no event shall such witness be permitted to express any opinion which constitutes a conclusion of law.

Code § 8.01-401.3(B). Husband has not mentioned this statute—or any other related legal authority—in his brief, and has thus provided us with no reason why, in the face of this statute, we should hold that it was error for the trial court to admit the testimony of which husband complains. Indeed, were we to so hold, we would first have to become an advocate on husband's behalf and try to create and develop legal arguments for him. This, however, we will not do.

> "A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a depository in which the appellant may dump the burden of argument and research. To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues he raises. On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal."

Fadness, 52 Va. App. at 850, 667 S.E.2d at 865 (alteration in original) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734-35, 660 S.E.2d 343, 345 (2008)).

We conclude that husband's complete failure to cite any legal authority for his argument regarding his third assignment of error is significant.  Therefore, we hold that husband has waived this argument.

## C.  Attorneys' Fees

Wife requests this Court to award her attorneys' fees and costs incurred in this appeal. We recognize that "[an] appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment." O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Here, however, we do not deem husband's appeal frivolous or see other reasons sufficient to warrant an award of attorneys' fees and costs.  Therefore, we deny wife's request for such an award.

## III.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.