# CIRCUIT COURT OF FAUQUIER COUNTY

Debra A. Linton

v.

Douglas R. Linton

October 28, 2013

Case No. CL11-539

By Judge Jeffrey W. Parker

This case comes before this Court for resolution upon one remaining issue. The matter had originally been set for trial to address all issues joined in a divorce proceeding, but settlement discussions have resolved all but the question of payment of certain sums owed the Husband.

The Husband and Wife are, and have been, partners in a part-marital and part-separate partnership known as CRL Partnerships, L.P. ("CRL"). CRL is a family business, containing 284 acres of land, plus fencing and barns that has a stipulated value of just under $1,570,000. The ownership of this farm is governed by means of a complex Limited Partnership Agreement (Ex. 2). The Wife has a 49% limited ownership valued at $768,862.50. The Husband will continue to operate the business-partnership after the divorce is final.

The Wife's ownership interest in CRL is marital, but separately titled in her name and is subject to a 50% equitable distribution award to the Husband by agreement. The Wife desires to convey one-half of her limited partnership interest to the Husband in satisfaction of this award. The Husband does not desire to receive her half interest in satisfaction of this award, even though the amount of her interest is equal to the stipulated award of $384,431.25.

As her interest in CRL is the Wife's separate property, it is the Husband's position that the Court has no power to direct the Husband to receive this interest in satisfaction of this indebtedness over his objections pursuant to Va. Code § 20-107.3(C). This provision provides in pertinent part that "the Court shall have no authority to order the division or transfer of separate property or marital property, which is not jointly owned."

The Wife directs the Court's attention to the next Subsection, which provides that:

> The Court has the power to grant a monetary award, payable either in a lump sum or over a period of time in fixed amounts, to either party. The party against whom a monetary award is made may satisfy the award, in whole or in part, *by conveyance of property*, subject to the approval of the court.

Va. Code § 20-107.3(D) (emphasis added).

While these two sections may appear in conflict, the Court of Appeals has distinguished these provisions in order to effectuate their legislative intent.

In *Payne v. Payne*, 5 Va. App. 359, 363 S.E.2d 428 (1987), the husband elected to transfer certain real estate he owned in California in order to satisfy the equitable distribution award to his wife. The wife objected contending that the trial court had no authority to order her to accept separately owned real estate subject to a mortgage. The trial court agreed with the Husband and ordered the transfer to the Wife as a part of the equitable distribution award.

The appellate court held that the trial court *did* properly construe Va. Code § 20-107.3(D) as far as its authority was concerned, as the statute "makes no mention of consent, approval, or acceptance by the party to whom the property is to be conveyed." *Id.* at 366. However, the trial court was determined to have abused its discretion in using this particular property to satisfy the judgment as the real estate was "several thousand miles" away and subject to a mortgage lien. *Id.* at 367.

Here, there is no lien upon the ownership interest of the Wife, and the Husband is an authorized recipient of her interest under the terms of the Partnership Agreement itself.

The *Payne* decision was recently cited with approval in *Johnson v. Johnson*, 56 Va. App. 511, 694 S.E.2d 797 (2010). In *Johnson,* the husband sought to satisfy the marital award by a transfer of his interest in a marital retirement account. The Court affirmed the trial court, distinguishing the holding in *Payne* which had reversed the trial court. The Court held that the Wife would have "the ability to access" the retirement accounts and, therefore, this form of distribution was an appropriate way to "interpret" the court's own orders. *Id.* at 517-18.

In the case at bar, the Husband is one of two equal limited partners. He has agreed to the value set on her interest and this interest is the only source of value available for the Wife to satisfy the marital award in full. Therefore, the Court will direct the Wife to transfer and the Husband to accept the 24½ percent interest of the Wife in CRL in full satisfaction of the award of his interest in her limited partnership.

The remaining issues have been resolved by the parties as set forth in the stipulations, and the Wife is awarded a No-Fault Divorce Decree.