COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Beales and Chafin
Argued at Richmond, Virginia

**UNPUBLISHED**

STEVEN DENNIS BYRD

MEMORANDUM OPINION* BY
v.      Record No. 0687-13-2      JUDGE WILLIAM G. PETTY
JANUARY 14, 2014

DIANE REVERE BYRD

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Steven C. McCallum, Judge[1]

Sharon B. Ten (Locke Partin & Quinn, on brief), for appellant.

Diane Revere Byrd, *pro se*.

Steven Dennis Byrd ("husband") appeals the trial court's award of $1,500 per month

spousal support to Diane Revere Byrd ("wife") until January 1, 2019. On appeal, husband

assigns six errors to the trial court's rulings. Only the first alleged error merits review here: the

trial court erred because wife failed to introduce sufficient evidence to support an award of

spousal support under the statutory factors in Code § 20-107.1(E). For the following reasons, we

agree and reverse the judgment of the trial court.

I.

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal. "On appeal, we view the evidence in the light most favorable to . . . the party

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Michael C. Allen, who retired prior to the entry of the final divorce decree, heard the evidence in this case.

prevailing below, 'and grant all reasonable inferences fairly deducible therefrom.'" Johnson v. Johnson, 56 Va. App. 511, 513-14, 694 S.E.2d 797, 799 (2010) (quoting Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999)). "On interpretations of the law as it applies to [the evidence], however, we review the circuit court's ruling *de novo* . . . ." Lewis v. Lewis, 53 Va. App. 528, 536, 673 S.E.2d 888, 892 (2009).

II.

A. Sufficiency of Evidence to Support Trial Court's Findings

In his first assignment of error, husband asserts that the trial court erred in awarding wife spousal support when wife failed to introduce sufficient evidence to support findings under the statutory factors in Code § 20-107.1(E). Specifically, husband argues that wife presented no evidence of her obligations, needs, or financial resources. We agree.

"When making an award of spousal support, the trial court must consider all the factors enumerated in Code § 20-107.1(E) and set forth findings or conclusions identifying the statutory factors supporting that award." Andrews v. Creacey, 56 Va. App. 606, 634, 696 S.E.2d 218, 231 (2010). Furthermore, "The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). "When the record discloses that the trial court considered all of the statutory factors, the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion." Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992). "'We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (quoting Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997)) (citation omitted).

Moreover, and most importantly, "A party seeking spousal support bears the burden of proving all facts necessary for an award, including evidence of financial need reasonably separate from the needs of others for whom the party paying support either owes no obligation or will be satisfying that obligation, if owed, by other means." Robbins v. Robbins, 48 Va. App. 466, 484, 632 S.E.2d 615, 624 (2006). However,

> While Code § 20-107.1(E)(1) requires the consideration of the "needs" of the "parties," the statute does not (as the child support statute does) create a mathematical formula primarily reliant on the input of financial data. Instead, § 20-107.1(E) requires only the factfinder to "consider" the estimated needs of the parties. By doing so, the statute thus authorizes a flexible, commonsense approach to this aspect of the factfinding exercise.

Id. at 486 n.10, 632 S.E.2d at 624 n.10.

Here, wife did not put on any evidence—only husband put forth evidence.[2] This disproportion in proof meant that the trial court evaluated only husband's exhibits and the testimony of both parties. In addressing the financial need factor in Code § 20-107.1(E)(1), the court only noted, "[T]he parties accumulated substantial debts during the marriage." The trial court did not elaborate on what weight it applied to this factor and merely stated that it took "into account all of these findings and the statutory factors" in making its decision regarding the spousal support award.

Furthermore, although "the judge is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors,'" Pilati v. Pilati, 59 Va. App. 176, 183, 717 S.E.2d 807, 810 (2011) (quoting Duva v. Duva, 55 Va. App. 286, 300, 685 S.E.2d 842, 849 (2009)), that does not release the party seeking an award from the burden of proving all facts necessary for that award. Here, beyond the limited direct examination testimony of wife by

---

[2] Although wife was initially represented by an attorney, she appeared *pro se* at the evidentiary hearing. Husband called her as a witness in support of the allegations in his bill of complaint. Wife did not testify on her own behalf.

husband's attorney and her very brief opening and closing statements, wife did nothing to prove the necessity of an award to her. To the contrary, husband introduced over twenty exhibits demonstrating his financial situation. Indeed, the only information before the trial court regarding wife's expenses, financial needs, or obligations was that wife was laid off from her full-time job in 2011, that she was currently employed part time taking care of an elderly woman,[3] that she and husband had enjoyed a middle to upper class lifestyle, and that, following the court's order, wife would be assuming the $2,546.82 worth of debt accumulated on one credit card.[4]

Furthermore, although the trial court gave seemingly sufficient consideration to the Code § 20-107.1(E) factors, the party seeking a spousal support award bears the burden of proving the facts necessary for the award. Although we decline to hold that a party is required to introduce detailed spreadsheets representing its expenses and financial needs, a party must put on at least *some* evidence to meet its burden of proving the necessity of an award. Because wife put on no evidence, and husband's evidence failed to establish her need, she failed to meet that burden. Therefore, the trial court abused its discretion in granting the spousal support award in this case.[5]

---

[3] The trial court found that her current gross monthly income was $1,558. However, this appears to have come from comments the wife made during her closing argument. It is not supported by the evidence she presented during her testimony.

[4] Twice in the course of the trial—once during wife's opening statement and a second time during wife's direct examination—wife attempted to explain why she needed spousal support and was told by the court that she would have a chance to do so later. However, wife did not call any witnesses, enter any financial documents into evidence, nor did she explain, in her closing argument, the extent of her alleged financial need based on the evidence that was presented.

[5] Assignments of error two, three, and four all assign additional error to the trial court's award of spousal support. Because of our holding, we need not address these assignments. We note parenthetically, however, that the argument accompanying each of these assignments suffers from the infirmity we discuss below.

B. Issues Not Addressed Because of Rule 5A:20

Husband waived review of assignments of error five and six. For the sake of brevity, we summarize them here: the trial court erred in refusing to award husband a number of tangible personal property items, and the trial court erred in awarding wife a portion of husband's retirement when wife presented no evidence with respect to the retirement.

"Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.' Unsupported assertions of error 'do not merit appellate consideration.'" Fadness v. Fadness, 52 Va. App. 833, 850, 667 S.E.2d 857, 865 (2008) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008)). Indeed,

> "A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a depository in which the appellant may dump the burden of argument and research. To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues he raises. On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal."

Id. (alteration in original) (quoting Jones, 51 Va. App. at 734-35, 660 S.E.2d at 345). Accordingly, if a party fails to strictly adhere to the requirements of Rule 5A:20(e), and that failure is significant, then we may treat the assignment of error as waived. Id.

Here, husband failed to cite even one legal authority or principle to support the assertions made in assignments of error five and six. "Appellate courts are not unlit rooms where attorneys may wander blindly about, hoping to stumble upon a reversible error. If [husband] believed that the circuit court erred, it was [his] duty to present that error to us with legal authority to support [his] contention." Id. at 851, 667 S.E.2d at 866. Without legal authority to support his assertions, our only basis for reversing the trial court's decision would be husband's displeasure

with the trial court's execution of its fact-finding authority. Therefore, because husband's failure to provide legal argument or authority is significant, he has waived his right to have these assignments of error reviewed by this Court. Jay v. Commonwealth, 275 Va. 510, 519, 659 S.E.2d 311, 316 (2008).

### C. Attorney's Fees

Husband has requested an award of attorney's fees on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). After a review of the record, we conclude that an award of attorney's fees is not appropriate and we thus deny husband's request.

### III.

For the foregoing reasons, we reverse the judgment of the trial court and remand for entry of an order consistent with this opinion.

Reversed and remanded.