COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Petty and McCullough
Argued at Alexandria, Virginia

WILLIAM G. SYLVESTER

MEMORANDUM OPINION* BY
v.      Record No. 0882-13-4                JUDGE WILLIAM G. PETTY
FEBRUARY 18, 2014

CLAUDETTE G. SYLVESTER

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
R. Terrence Ney, Judge

Heather L. Mehigan (Shulman, Rogers, Gandal, Pordy & Ecker,
P.A., on briefs), for appellant.

Deborah N. Arthur for appellee.


William G. Sylvester (husband) appeals from the entry of a Qualified Domestic Relations

Order (QDRO), which set forth Claudette G. Sylvester's (wife) entitlement to a portion of

husband's military retired pay. Husband presents two assignments of error on appeal: (1) the

circuit court abused its discretion and committed an error of law when it entered the QDRO

because it impermissibly modified the final divorce decree; and (2) the circuit court abused its

discretion and committed an error of law when it entered the QDRO dividing husband's pension

because the final divorce decree violated the Uniformed Services Former Spouses' Protection

Act (USFSPA). For the reasons stated below, we affirm the ruling of the circuit court.[1]

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We need not address husband's second assignment of error because of our decision on
the first assignment of error. The circuit court properly modified the final divorce decree to
conform to the USFSPA; thus, this assignment of error is moot.

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "On appeal, we view the evidence in the light most favorable to . . . the party prevailing below, 'and grant all reasonable inferences fairly deducible therefrom.'" Johnson v. Johnson, 56 Va. App. 511, 513-14, 694 S.E.2d 797, 799 (2010) (quoting Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999)).

II.

QDRO

Husband argues that the circuit court did not have the authority to revise the terms of the final divorce decree. In essence, husband argues, in spite of the terms of the final divorce decree, that wife is not entitled to any of his pension.[2] We disagree.

> Under Rule 1:1, courts ordinarily lose jurisdiction twenty-one days after entry of a decree, but when qualifying or maintaining a qualified domestic relations order, courts may "[m]odify any order . . . intended to . . . divide any pension [plan] . . . to revise or conform its terms so as to effectuate the expressed intent of the order." Such modification, however, must be "consistent with the substantive provisions of the original decree" and not "simply to adjust its terms in light of the parties' changed circumstances."

Williams v. Williams, 32 Va. App. 72, 75, 526 S.E.2d 301, 303 (2000) (citations omitted).

Here, the final divorce decree stated, regarding husband's military pension, that wife "is entitled to forty percent (40%) of the marital share of [husband's] National Guard pension.

---

[2] Indeed, at a hearing before the trial court, husband's counsel conceded this point. The trial court asked, "So she gets nothing; that's the Colonel's position?" Husband's counsel responded, "Well, that is his position because this is the only provision that the parties are stuck with."

[Wife's] forty percent (40%) interest in the marital share of [husband's] National Guard pension shall be determined according to the following formula": years of marriage divided by years of credible service at the time of retirement multiplied by retirement proceeds multiplied by 40%. On February 22, 2011, wife filed an application for former spouse payments from retired pay with the Defense Finance and Accounting Service (DFAS). On March 1, 2011, DFAS rejected wife's application because it did not include an appropriate fraction, including reserve points, or a fixed amount or a percentage of husband's retired pay. Wife then sought a QDRO from the circuit court to revise the formula. In a QDRO, the circuit court revised the formula.[3]

Husband argues that our decision in Hastie v. Hastie, 29 Va. App. 776, 514 S.E.2d 800 (1999), is controlling. In Hastie, the wife was entitled to 40% of the marital portion of the husband's military pension. The marital portion was defined as 60.1% of the total pension. Accordingly, the trial court awarded the wife a total of $102,496.40 payable in monthly installments until paid in full. The husband sought an order to conform the terms of the divorce decree to reflect that the payments would total $102,496.40. The wife sought an order clarifying that she was entitled to 40% of the husband's military pension without reference to the $102,496.40. The trial court entered a clarifying order awarding the wife 40% of the husband's military pension without reference to the $102,496.40. We reversed because the clarifying order altered critical terms of the final decree: "The trial court modified both the terms of payment and

_____

[3] The circuit court awarded wife "Forty Percent (40%) of the 'marital share' of [husband's] 'disposable retired pay' (as that term is defined in 10 U.S.C. Section 1408(a)(4)), plus any cost-of-living or other increases thereon if, as, and when received by the [husband]. The 'marital share' is defined as the following fraction": number of creditable service points earned during the marriage to the parties' date of separation on January 29, 1992 (4,712 points) divided by total number of creditable service points earned at retirement (4,920 points). The circuit court went on to say that the wife's share was to be calculated using the following formula: number of creditable service points earned during the marriage to the parties' date of separation on Januaray 29, 1992 (4,712 points) divided by total number of creditable service points earned at retirement (4,920) multiplied by 40% multiplied by husband's disposable retired pay.

the amount of total payments to be made by husband by imposing an open-ended obligation on husband." Id. at 781, 514 S.E.2d at 803.

Here, the circuit court merely revised the terms of the final divorce decree so as to effectuate the expressed intent of the final divorce decree, which was to award wife 40% of the marital share of husband's National Guard pension. The circuit court did not modify the terms of payment or the amount of the total payments to be made by husband. Instead, the circuit court modified the formula to conform to DFAS's requirements. This was not a substantive change; it was a procedural change designed to effectuate the intent of the final divorce decree. The modification was consistent with the substantive provisions of the original divorce decree.

Moreover, we have consistently held that "'trial courts have the authority to interpret their own orders.'" Johnson v. Johnson, 56 Va. App. 511, 518, 694 S.E.2d 797, 801 (2011) (quoting Albert v. Albert, 38 Va. App. 284, 297-98, 563 S.E.2d 389, 396 (2002)). Thus, the circuit court was free to interpret its order to include the "if, as and when" language concerning the timing of payment. This language is not inconsistent with the final divorce decree, and we cannot say that the trial court abused its discretion in adding this language.[4]

Therefore, we affirm the ruling of the circuit court.

Attorney's Fees

On brief, wife asks this Court to award her attorney's fees.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine

---

[4] Husband argues that had the parties intended to include this language, then they would have included it in their property settlement agreement. We are concerned only with the final divorce decree, not the property settlement agreement. This is because the property settlement agreement did not address the division of the military pension. Thus, we are not dealing with the intent of the parties but rather with the interpretation of the final divorce decree.

whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Here, husband argues, contrary to the terms of the final divorce decree, that wife should not be awarded any of his military pension. After considering the record, we deem husband's appeal to be frivolous. Therefore, we award attorney's fees and costs to wife on appeal.

III.

For the foregoing reasons, we affirm the circuit court's decision. We further remand the case to the circuit court for it to determine and enter an appropriate award of attorney's fees and costs incurred by wife on appeal.

Affirmed and remanded.