COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Malveaux and Senior Judge Annunziata
Argued in Alexandria, Virginia

**PUBLISHED**

MARIE DOLORES JACKSON

OPINION BY
v.        Record No. 1776-17-4            JUDGE WILLIAM G. PETTY
AUGUST 21, 2018

DENNIS MICHAEL JACKSON


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Charles S. Sharp, Judge

Amy T. Tobias (Claire Salitsky; Dougherty Tobias Iszard Northern
Virginia Law P.C., on briefs), for appellant.

Thomas Woehrle (Woehrle, Dahlberg, Jones & Yao, PLLC, on
brief), for appellee.


Marie Dolores Jackson (wife) appeals the trial court's denial of her motion for an

amended order to replace a prior consent order entered in connection with her divorce from

Dennis Michael Jackson (husband).  The trial court did not err in denying her motion because it

had no jurisdiction to issue an amended order.  Accordingly, we affirm.

BACKGROUND

On January 3, 2011, the trial court entered a divorce decree that ratified and affirmed the

parties' agreement regarding all issues of equitable distribution and spousal support.  The divorce

decree ordered, in part, that wife receive 50% of the marital share of husband's military pension,

which was already in pay status.  On the same day the trial court entered the divorce decree, it

also entered an "Order Dividing Military Pension" intended "to give effect to the Final Order of

Divorce" (pension order).  The pension order specified that wife was "formally assigned an

annuity in the monthly amount of $1,053.39" which was to be paid to wife "directly by the

appropriate administrator." Attorneys for both parties signed both the divorce decree and the pension order. Neither party objected to either the final decree or the pension order. The plan administrator for the military pension began paying wife in February 2011 in accordance with the pension order.

In 2017, after wife obtained new counsel, she filed a motion requesting the trial court to enter an amended order changing the amount she was receiving from the military pension. Wife argued the pension order's fixed monthly payments failed to award cost of living increases. She additionally argued the parties had incorrectly calculated in 2011 the payment amount. As a result, wife argued, she was not actually receiving the percentage of the marital share allotted to her in the divorce decree.

During the motion hearing, the trial court noted, "The question is, does the [pension order], which allows for a very specific division in and of itself, constitute something that for whatever reason is not enforceable?" It refused to go "behind the scenes to determine the accuracy of the calculation," and therefore refused to allow wife to enter evidence, including expert testimony, designed to show that the calculation and the amount specified in the pension order were incorrect. It concluded that the divorce decree and pension order were not "inconsistent" and that the pension order implemented the divorce decree without modifying it. Accordingly, the trial court denied wife's motion. This appeal followed.

ANALYSIS

We review the trial court's jurisdiction *de novo*. Reaves v. Tucker, 67 Va. App. 719, 727, 800 S.E.2d 188, 192 (2017). "Under well-established principles, an issue of statutory interpretation is a pure question of law which we review *de novo*." Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007). We review a court's

decisions regarding admission of testimony and evidence for abuse of discretion. <u>Reaves</u>, 67 Va. App. at 736, 800 S.E.2d at 197.

A. THE TRIAL COURT'S JURISDICTION TO ENTER THE PENSION ORDER

Wife argues the trial court erred in finding the pension order did not improperly modify the divorce decree when it changed the portion awarded to wife from a percentage of the marital share to a fixed annuity payment. Wife further argues that the trial court erred in accepting the 2011 pension order as a valid order because "the trial court may only enter orders dividing retirement in a divorce matter pursuant to Code § 20-107.3 and therefore such order dividing a retirement asset must be consistent with the Final Order of Divorce." We disagree.

"All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1. Thus, final divorce decrees, like other orders, remain under the control of the trial court, and may be modified by a subsequent order, as long as the modifying order is entered while the court retains jurisdiction.

The General Assembly has enacted Code § 20-107.3(K)(4) authorizing courts to make limited modifications to a final decree beyond the limitations of Rule 1:1. "Under Rule 1:1, courts ordinarily lose jurisdiction twenty-one days after entry of a decree, but when qualifying or maintaining a qualified domestic relations order, courts may 'modify any order . . . intended to . . . divide any pension [plan] . . . to revise or conform its terms so as to effectuate the expressed intent of the order.'" <u>Williams v. Williams</u>, 32 Va. App. 72, 75, 526 S.E.2d 301, 303 (2000) (alterations in original) (quoting Code § 20-107.3(K)(4)); <u>Hastie v. Hastie</u>, 29 Va. App. 776, 780, 514 S.E.2d 800, 802 (1999) ("It is well settled that equitable distribution orders become final within twenty-one days of entry. Thereafter, the court's power to modify such orders is governed by Code § 20-107.3(K)(4)[.]" (internal citations omitted)). "The Rule is clear. After

the expiration of 21 days from the entry of a judgment, the court rendering the judgment loses jurisdiction of the case, and, absent a perfected appeal, the judgment is final and conclusive." Rook v. Rook, 233 Va. 92, 94-95, 353 S.E.2d 756, 758 (1987).

Here, the divorce decree "remain[ed] under the control of the trial court and subject to be modified" pursuant to Rule 1:1 for twenty-one days. The trial court entered the pension order on the same day as the divorce decree. This was clearly within twenty-one days. Moreover, wife represented to the trial court, by her request for and consent to the pension order, that she wanted the divorce decree to be effectuated by the terms in the pension order. Therefore, the pension order controls even if the pension order's description of wife's portion of husband's pension as a fixed monthly payment of $1,053.39 differs from the divorce decree's use of a percentage. In entering the agreed upon pension order the trial court decreed that $1,053.39 was the wife's share of husband's pension. If wife believed that the trial court erred in expressing wife's share as a fixed sum rather than a percentage subject to cost of living increases, she was required to either seek the order's correction within twenty-one days or to appeal the decision. Wife did not do either. Thus, "because wife did not appeal the trial court's divorce decree [as augmented by the pension order], the decree became a final order and the law of this case not subject to later modifications." Hastie, 29 Va. App. at 782, 514 S.E.2d at 802; Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 389, 404 S.E.2d 388, 393 (1991) ("The court has jurisdiction to err, as well as to correctly adjudicate the questions before it for decision, and the remedy to correct the errors of the court is solely by appeal." (quoting Farant Inv. Corp. v. Francis, 138 Va. 417, 436, 122 S.E. 141, 147 (1924))).

Simply put, Code § 20-107.3(K)(4) does not apply while a court retains control of the order pursuant to Rule 1:1. Therefore, nothing precluded the trial court from clarifying, modifying, or even vacating the divorce decree while it retained control. Wife had to raise any

alleged "inconsistencies" between the divorce decree and the pension order within twenty-one days or timely appeal to this Court. After twenty-one days, the non-appealed pension order became final and not subject to modification except as provided by Code § 20-107.3(K)(4).

B. THE TRIAL COURT'S LIMITED JURISDICTION UNDER CODE § 20-107.3(K)(4)

Wife additionally argues the trial court erred "in finding there was insufficient evidence to make a finding that a new order . . . should be entered as the [divorce decree] and the [pension order] are inconsistent on their face." She argues that the trial court erred in refusing to allow testimony, or a proffer of the testimony, from wife's expert, who was "qualified to opine about whether the [pension order] effectuates the provisions regarding [the divorce decree]," and who would testify "that the calculation done to determine the fixed dollar amount to be paid to" wife was inconsistent with the divorce decree. Moreover, wife argues the "trial court erred in failing to identify the document [she] sought to be admitted into evidence," erred in failing to reopen the case to admit the document, and erred in excluding the documents that would have shown how the calculation used to compute the monthly annuity payment was in error.

Once twenty-one days has passed, a "court's power to modify an [equitable distribution] order is governed by Code § 20-107.3(K)(4)." Hastie, 29 Va. App. at 780, 514 S.E.2d at 802 (finding the subsequent order had to be "consistent with the substantive provisions of the original decree" because it was "uncontested that wife did not request an amendment or clarification of the divorce decree within twenty-one days of its entry"); see Craig v. Craig, 59 Va. App. 527, 540, 721 S.E.2d 24, 30 (2012) (concluding that Rule 1:1 did not apply because the trial court had jurisdiction under Code § 20-107.3(K)(4) to modify the order); Newsome v. Newsome, 18 Va. App. 22, 26, 441 S.E.2d 346, 348 (1994) (concluding order after twenty-one days was valid because it effectuated the final decree pursuant to Code § 20-107.3(K)(4)).

Recognizing "the complexity of [orders relating to the division of pensions and retirement accounts] and the need to permit the modification of such orders where technical deficiencies may be contained in such orders," the legislature enacted Code § 20-107.3(K)(4). Dale M. Cecka, Lawrence D. Diehl & James R. Cottrell, Virginia Practice Series: Family Law: Theory, Practice, and Forms § 11:34 (2018). That code section permits the court to retain jurisdiction over orders dividing pensions and retirement accounts to permit such orders to be modified to conform them to applicable laws. Newsome, 18 Va. App. at 26, 441 S.E.2d at 348 (concluding the trial court's reservation of authority to amend the order, if needed, so that the plan administrator would accept it "involved purely ministerial acts"). However, "orders that alter critical terms of the contract, such as timing or amount of payments, exceed the authority granted under Code § 20-107.3(K)(4)." Hastie, 29 Va. App. at 781, 514 S.E.2d at 803; Prizzia v. Prizzia, 58 Va. App. 137, 168-69, 707 S.E.2d 461, 476 (2011) ("The method for valuing the marital share of a [pension] plan is certainly a critical term of an equitable distribution order."). "Indeed, the entry of an order purporting to 'change the substance of the original order or provide an interest in a pension that was not provided in the order' would contravene the intent of the legislature in enacting this code section." Newsome, 18 Va. App. at 26, 441 S.E.2d at 348 (quoting Peter N. Swisher, Lawrence D. Diehl & James R. Cottrell, Virginia Family Law § 11-34, at 429 & n.12 (1991)).

After twenty-one days, the trial court lacked jurisdiction to alter the *substantive* terms of either the divorce decree or the pension order. It could only modify those orders to "revise or conform [their] terms so as to effectuate the expressed intent of the order[s]." Code § 20-107.3(K)(4). Wife represented to the trial court in 2011 that the pension order correctly effectuated the divorce decree. The terms of the pension order assigned wife a monthly annuity payment of $1,053.39. Wife's 2017 motion to the court did not request an order to *effectuate* the

division of the pension. Wife's motion asked the trial court to *change* the division with an amended order that would substantively change the equitable distribution of the pension by giving her a monthly payment greater than $1,053.39. The trial court lacked authority under Code § 20-107.3(K)(4) to enter an order changing a critical term of the equitable distribution, such as the amount of the payment, Hastie, 29 Va. App. at 781, 514 S.E.2d at 803, or the calculation used to value wife's share, Prizzia, 58 Va. App. at 168-69, 707 S.E.2d at 476. Accordingly, it did not err in refusing to admit evidence, including from wife's expert, designed to show inconsistency[1] between the divorce decree and the pension order; the evidence was simply irrelevant once the non-appealed pension order became final.

Moreover, the trial court correctly reasoned that the question before it was whether the pension order was, for some reason, unenforceable. Code § 20-107.3(K)(4) grants courts authority to modify orders so they comply with applicable laws or so they are accepted by plan administrators. See Newsome, 18 Va. App. at 26, 441 S.E.2d at 348. Here, the plan administrator had been paying wife for about six years in accordance with the pension order that she agreed to. That order was already enforceable. Consequently, the trial court could not do, under the jurisdiction granted by Code § 20-107.3(K)(4), what wife asked, even if she was not receiving the payments she thought she was entitled to. See Hastie, 29 Va. App. at 782, 514 S.E.2d at 804 ("While the trial court's original method of division later disfavored wife because husband's retirement account increased in value, the trial court was nonetheless without authority to substantively modify the divorce decree."). Moreover, the testimony, the proffer, and the documents that wife sought to enter into evidence all related to whether the pension order

---

[1] We note that the trial court found that the second order was *not* inconsistent with the final decree. We have consistently held that "trial courts have the authority to interpret their own orders." Johnson v. Johnson, 56 Va. App. 511, 518, 694 S.E.2d 797, 801 (2011) (quoting Albert v. Albert, 38 Va. App. 284, 297-98, 563 S.E.2d 389, 396 (2002)). However, here that finding is not relevant, and we therefore do not address it.

was inconsistent with the divorce decree and whether the original calculation had been in error. Neither of those facts, even if proven, would have given the trial court jurisdiction under Code § 20-107.3(K)(4) to enter an amended order; accordingly, it was not error for the trial court to refuse to admit the evidence.[2]

## CONCLUSION

In summary, wife failed to challenge the method of calculation or the amount of the monthly payments while the trial court retained control over the pension order pursuant to Rule 1:1. Nor did she timely appeal that order. The plan administrator effectuated the pension order according to its express terms. The trial court correctly denied wife's motion for an amended order. Because the trial court was without jurisdiction to enter the order wife requested, it did not err in refusing admission of the evidence she offered. The trial court's judgment is accordingly affirmed.

Affirmed.

---

[2] In explaining its reasoning, the trial court did not rely on its lack of jurisdiction to deny wife's motion for an amended order. It denied wife's motion because it found the divorce decree and the pension order consistent on their faces and noted wife's consent in 2011 to the pension order. It therefore found the pension order enforceable. We note that even if the divorce decree had been "inconsistent" with the pension order, the trial court still would not have had jurisdiction to grant wife's motion for an amended order to substantively change the terms of the non-appealed divorce decree as effectuated by the pension order. Nevertheless, the trial court arrived at the correct conclusion. See Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 313 (1992) ("An appellate court may affirm the judgment of a trial court when it has reached the right result for the wrong reason.").