UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, O'Brien and Russell
Argued at Lexington, Virginia

TRACY IRBY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0939-18-3              JUDGE WILLIAM G. PETTY
                                                    JANUARY 15, 2019

LIFEPOINT HEALTH AND SAFETY NATIONAL
 CASUALTY CORPORATION

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Cerid E. Lugar (Lugar Law, on brief), for appellant.

Jonnie L. Speight (Lucas & Kite, PLC, on brief), for appellees.

In this appeal, Tracy Irby argues that the Virginia Workers' Compensation Commission

erred in vacating the award it entered on her behalf because the employer did not request a

review of the award within the time period set by the Rules of the Commission. We conclude

Irby's appeal is premature, and, therefore, we dismiss it.

I. BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

We view the facts in the light most favorable to the prevailing party below, granting to it the

benefit of any reasonable inferences; we review issues of law *de novo*. Hall v. Commonwealth,

55 Va. App. 451, 453 (2009).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Irby suffered an injury at work on October 20, 2017. She timely filed a claim on November 3, 2017, which triggered the Commission's notice to Irby's employer, Lifepoint Health, and its insurer, Safety National Casualty Corporation, that they must respond to the claim within twenty days. On November 6, 2017, the claim administrator for the employer notified the Commission that the claim was accepted as compensable and that an agreement form had been mailed to Irby. The agreement form sent to Irby was not signed on behalf of the employer. Nevertheless, after Irby signed the form, she sent it to the Commission, and the Commission then entered an award on February 26, 2018, based on the agreement form. The award set out the compensation due to Irby, the attorney's fees, and a notice that "[i]f any party wishes to dispute this Award Order, a Request for Review (appeal) must be filed within 30 days of the date of this Order." The employer did not request a review of the award within thirty days. Moreover, based on a document submitted to the Commission by Irby, the employer apparently signed the agreement on March 9, 2018. On April 24, 2018, Irby requested a hearing on the matter of non-payment of attorney's fees and medical expenses related to the February 26, 2018 award. In response, the employer filed a motion on May 7, 2018, to vacate the award, arguing that because it had not signed the agreement at the time the award was entered, the award was entered in error by the Commission.

The Commission granted the motion to vacate the award and issued a May 14, 2018 order explaining its decision. Although the Commission agreed that the employer's request for review was untimely, it concluded it retained jurisdiction to correct the mistake by the Commission in entering an award not signed by both parties. The Commission acknowledged that the employer signed the agreement on March 9, 2018, but reasoned that the belated signature established that there was no agreement on February 26, 2018, when the Commission entered the award. The Commission ordered that the case be removed from the review docket and "returned to the

Commission's Customer Assistance Department for referral to the appropriate evidentiary hearing docket." The order further advised the parties they "may appeal this decision to the Court of Appeals of Virginia by filing a Notice of Appeal with the Commission and a copy of the Notice of Appeal with the Court of Appeals of Virginia within 30 days of the date of this Opinion."

## II. ANALYSIS

The disposition of this appeal is controlled by this Court's limited jurisdiction. Jurisdiction is reviewed by this Court *de novo*.

"This Court is a court of limited jurisdiction." Tesla, Inc. v. Virginia Auto. Dealers Ass'n, 68 Va. App. 509, 512 (2018). We have jurisdiction to hear "[a]ny final decision of the Virginia Workers' Compensation Commission" or "[a]ny interlocutory decree or order entered" by the Commission that "adjudicat[es] the principles of a cause." Code § 17.1-405. "As defined by the Virginia Supreme Court, a final order 'is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" de Haan v. de Haan, 54 Va. App. 428, 436-37 (2009) (quoting James v. James, 263 Va. 474, 481 (2002)). If "further action of the court in the cause is necessary to give completely the relief contemplated by the court, the decree is not final but interlocutory." Id. at 437 (quoting Brooks v. Roanoke Cty. Sanitation Auth., 201 Va. 934, 936 (1960)).

The only interlocutory orders that this Court may consider on appeal are those that adjudicate the principles of a cause. Code § 17.1-405(4). An order adjudicating the principles of a cause "must be one that 'adjudicates the underlying cause.'" de Haan, 54 Va. App. at 439 (quoting City of Richmond–Fire & Emergency v. Brandon, 32 Va. App. 787, 789 (2000)). In other words, the "order must address 'the chief object of the suit.'" Id. (alteration omitted)

- 3 -

(quoting Erikson v. Erikson, 19 Va. App. 389, 391 (1994)). Generally, preliminary rulings "do not address the merits and therefore cannot be orders that adjudicate the principles of the cause." Tesla, 68 Va. App. at 513.

Here, the Commission's May 14, 2018 order vacating Irby's award was neither a final order nor an appealable interlocutory order. It was not a final order because it did not dispose of Irby's claim nor give or deny her the relief requested. See de Haan, 54 Va. App. at 436. To the contrary, it placed Irby's claim back on the hearing docket for resolution. Although the Commission's order advised the parties that the order was final and thus appealable to this Court, the order's statement that it was appealable did not make it so. Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 284 (2005); see Grayson (County of) Sch. Bd. v. Cornett, 39 Va. App. 279, 281 (2002) ("[T]his Court is not bound by the legal determinations made by the [C]ommission."). "The fact that an order is labeled as final is not dispositive of its finality; the order must, in fact, be final." de Haan, 54 Va. App. at 438. This order was not.

Likewise, the order was not an appealable interlocutory order. The order did not adjudicate the underlying cause. Although the order disposed of the employer's motion to vacate, the order did not address "the chief object of the suit," which was Irby's claim for compensation due to a compensable injury. See Tesla, 68 Va. App. at 514. Accordingly, the interlocutory order did not fall within this Court's jurisdiction.

Irby argues that although in some circumstances the Commission "has the implied power, incidental to those expressly granted, to entertain and hear an application, seasonably presented, to vacate and set aside an award procured through fraud or mistake," Tuck, 47 Va. App. at 283 (quoting Harris v. Diamond Constr. Co., 184 Va. 711, 721 (1946)), the Commission erred in vacating her award under the circumstances of this case. We express no opinion at this time as

- 4 -

to the merits of Irby's argument.[1] "[T]he court has jurisdiction to err, as well as to correctly adjudicate the questions before it for decision, and the remedy to correct the errors of the court is solely by appeal." Jackson v. Jackson, 69 Va. App. 243, 249 (2018) (quoting Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 389 (1991)). Thus, even if we agreed with Irby that the Commission erred in vacating the award under these circumstances, "we simply have no statutory jurisdiction to review the [Commission's] order at this point in the litigation." Tesla, 68 Va. App. at 515.

### III. CONCLUSION

The Commission's May 14, 2018 order vacating Irby's award was neither a final order nor an interlocutory order adjudicating the cause.[2] Thus, Irby's appeal is premature and this Court lacks jurisdiction to consider the merits of the case at this time. Accordingly, we dismiss the appeal.

Dismissed.

---

[1] The Commission's subject matter jurisdiction is not at issue here since the Workers' Compensation Commission clearly has subject matter jurisdiction over a workers' compensation claim. See Code § 65.2-201. Once the Commission "acquired jurisdiction over the parties and the subject matter, and its continued exercise of that jurisdiction require[d] a ruling which depend[ed] upon factual determinations, an error in deciding the facts or the failure to decide them does not render the ruling void or a nullity." Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 388-89 (1991).

[2] After a final order is entered in the case, if she chooses, Irby may appeal the Commission's order vacating the award.