COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Chief Judge Felton, Judges Frank and Huff
Argued at Alexandria, Virginia


DOUGLAS R. LINTON

                                                        OPINION BY
v.        Record No. 2358-13-4                  JUDGE ROBERT P. FRANK
                                                        JUNE 17, 2014

DEBRA A. LINTON


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Jeffrey W. Parker, Judge

        Matthew L. Clark (Paul A. Morrison; Amy E. Totten; Howard,
        Morrison, Ross and Whelan, on briefs), for appellant.

        Robin C. Gulick (T. Huntley Thorpe, III; Gulick, Carson & Thorpe,
        P.C., on brief), for appellee.


        Douglas R. Linton, appellant, appeals the decision of the circuit court that ordered Debra

A. Linton, appellee, to transfer her separately titled limited partnership interest to satisfy a

monetary award.[1]  Specifically, he contends Code § 20-107.3(C) prohibits such a transfer.  For

the reasons stated, we affirm the judgment of the trial court.

                                        BACKGROUND

        The facts are undisputed.  The parties entered into a property settlement agreement which

was filed in the Circuit Court of Fauquier County on October 23, 2013.[2]  The parties agreed that

appellee's separately titled 49% limited partnership interest in CRL Partnership, LP was marital

property having a fair market value of $768,862.50.  They also agreed appellant was entitled to a

_____

        [1] While appellant characterized the award as a "cash award," it is actually a monetary
award made pursuant to Code § 20-107.3(D).

        [2] The agreement is not in the appendix but there appears to be no conflict as to the
applicable provisions.

monetary award of $384,431.25.  The agreement permitted the parties to later contest how

appellee could satisfy that award.

On October 23, 2013, the trial court conducted a hearing on the underlying divorce

complaint and whether the trial court could order the transfer of appellee's limited partnership

interest to satisfy the monetary award.

After the conclusion of the evidence, the trial court issued an opinion letter dated October

28, 2013.  The court rejected appellant's argument that Code § 20-107.3(C) prohibited the

transfer of appellee's limited partnership interest and found Code § 20-107.3(D) controlled.

The trial court stated:

> The Wife's ownership interest in CRL is marital, but separately
> titled in her name and is subject to a 50% equitable distribution
> award to the Husband by agreement.  The Wife desires to convey
> one-half of her limited partnership interest to the Husband in
> satisfaction of this award.  The Husband does not desire to receive
> her half interest in satisfaction of this award, even though the
> amount of her interest is equal to the stipulated award of
> $384,431.25.
>
> *    *    *    *    *    *    *
>
> Therefore, the court will direct the Wife to transfer and the
> Husband to accept the 24½ percent interest of the Wife in CRL in
> full satisfaction of the award of his interest in her limited
> partnership.

This appeal follows.

ANALYSIS

Appellant's entire argument relies on Code § 20-107.3(C).  Appellee contends

Code § 20-107.3(D) controls.  Thus, the narrow issue before us is which statute controls.

"'Statutory construction is a question of law which we review *de novo* on appeal.'"

Lynchburg Div. of Soc. Servs. v. Cook, 276 Va. 465, 480, 666 S.E.2d 361, 368 (2008) (quoting

Parker v. Warren, 273 Va. 20, 23, 639 S.E.2d 179, 181 (2007) (citing Boynton v. Kilgore, 271

Va. 220, 227, 623 S.E.2d 922, 925 (2006))). "[C]ourts apply the plain language of a statute unless the terms are ambiguous." Boynton, 271 Va. at 227, 623 S.E.2d at 926 (citing Tiller v. Commonwealth, 193 Va. 418, 420, 69 S.E.2d 441, 442 (1952)); see also Alliance to Save the Mattaponi v. Commonwealth, 270 Va. 423, 439, 621 S.E.2d 78, 86-87 (2005) ("Courts are bound by the plain meaning of statutory language."). "'[I]f the language is plain, certain and unambiguous, so that no doubt arises from its own terms as to its meaning, then there is no room for interpretation.'" Boynton, 271 Va. at 228 n.10, 623 S.E.2d at 926 n.10 (quoting Moore v. Commonwealth, 155 Va. 1, 11, 155 S.E. 635, 638 (1930)).

"[T]he primary objective of statutory construction is to ascertain and give effect to legislative intent." Commonwealth v. Amerson, 281 Va. 414, 418, 706 S.E.2d 117, 118 (2010); see also B.P. v. Commonwealth, 38 Va. App. 735, 739, 568 S.E.2d 412, 413 (2002) ("We will not place a construction upon a statute which leads to an absurd result or one plainly contrary to the expressed intent of the General Assembly."). Legislative intent is ascertained "'by giving to all the words used their plain meaning and construing all statutes *in pari materia* in such manner as to reconcile, if possible, any discordant feature which may exist, and make the body of the laws harmonious and just in their operation.'" Thomas v. Commonwealth, 59 Va. App. 496, 500, 720 S.E.2d 157, 159-60 (2012) (quoting Lucy v. Cnty. of Albemarle, 258 Va. 118, 129-30, 516 S.E.2d 480, 485 (1999)). Further, this Court "presume[s] that the legislature chose, with care, the words it use[d]" when it enacts a statute. Rives v. Commonwealth, 284 Va. 1, 3, 726 S.E.2d 248, 250 (2012) (quoting Zinone v. Lee's Crossing Homeowners Ass'n, 282 Va. 330, 337, 714 S.E.2d 922, 925 (2011)).

In dealing with statutory construction, "we examine a statute in its entirety, rather than by isolating particular words or phrases." Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001). "'It is a cardinal rule of construction that statutes dealing with a specific subject

must be construed together in order to arrive at the object sought to be accomplished.'" Alston v. Commonwealth, 274 Va. 759, 769, 652 S.E.2d 456, 462 (2007) (quoting Prillaman v. Commonwealth, 199 Va. 401, 406, 100 S.E.2d 4, 7 (1957) (internal quotation marks omitted)).

The two statutes that we address are not in conflict. They simply address two separate components of the equitable distribution process.

Under Code § 20-107.3, the court must determine legal title, ownership, and value of such property, whether that property is separate, marital, or part separate and part marital, as well as the amount of debt. Thereafter, the court, pursuant to Code § 20-107.3(C) may order the transfer or division, or both, of jointly owned marital property or jointly owned marital debt. Code § 20-107.3(C) specifically prohibits the court from dividing or transferring property which is *not* jointly owned. This is the section upon which appellant relies.

However, Code § 20-107.3(D) gives the court additional authority to grant a monetary award, which may be paid either in a lump sum or over a period of time in fixed amounts. In this context, the statute provides, "The party against whom a monetary award is made may satisfy the award, in whole or in part, by the conveyance of property, subject to the approval of the court." See also Venable v. Venable, 2 Va. App. 178, 185, 342 S.E.2d 646, 650-51 (1986). The only limitation is that the court must approve the conveyance.

The trial court in this case correctly relied on Payne v. Payne, 5 Va. App. 359, 353 S.E.2d 428 (1981), and Johnson v. Johnson, 56 Va. App. 511, 694 S.E.2d 797 (2010). Both cases addressed Code § 20-107.3(D). In Payne, we explained:

> The obvious reason for this provision [of Code § 20-107.3(D)] is to enable the parties to make payment of a monetary award by adjustment of their property. The legislature gave the option of this method of payment to the "party against whom a monetary award is made." The statute makes no mention of consent, approval or acceptance by the party to whom the property is to be conveyed. However, it does make such a transfer subject to the court's approval. We believe this provision serves to prevent

- 4 -

> unilateral action by the party seeking to make payment by the transfer of property.

Payne, 5 Va. App. at 366, 363 S.E.2d at 432.

Johnson subsequently cited Payne with approval. See Johnson, 56 Va. App. at 516-17, 694 S.E.2d at 800-01. In both Payne and Johnson, the issue was whether the trial court abused its discretion regarding satisfying monetary awards. In Payne, we held the trial court abused its discretion in requiring wife to assume an existing lien obligation in satisfaction of the monetary award. In Johnson, we concluded the trial court did not abuse its discretion in ordering the transfer of property from husband to wife.

Appellant seeks to distinguish these two cases, contending that neither case creates an exception to the plain language of Code § 20-107.3(C). He argues Payne did not involve Code § 20-107.3(C), because the property in question was still jointly owned. He is correct. Payne addresses only Code § 20-107.3(D), because Code § 20-107.3(C) was not applicable.

Appellant attempts to distinguish Johnson because it involved transfer of a retirement account, which is an exception under Code § 20-107.3(C). While appellant correctly states that the property transferred in that case was a retirement account, the transfer was ordered to satisfy a monetary award under Code § 20-107.3(D). In this case as well, Code § 20-107.3(C) did not apply.

Code § 20-107.3(C) applies only to the transfer or division of property without any reference to the satisfaction of a monetary award. A transfer or division of property to satisfy a monetary award would be controlled by Code § 20-107.3(D). These two statutes address completely different situations in the equitable distribution statutory scheme. The trial court correctly noted this distinction. As such, appellant's argument fails. We affirm the trial court.

CONCLUSION

The trial court did not err in directing wife to transfer her separately titled limited partnership interest to satisfy a monetary award. Further, we find appellant's argument is meritless, neither grounded in Code § 20-107.3, nor in the case law analyzing Code § 20-107.3(D). We therefore grant appellee's request for attorney's fees and costs. See Brandau v. Brandau, 52 Va. App. 632, 666 S.E.2d 532 (2008). We remand this appeal to the trial court for a determination of reasonable attorney's fees and costs incurred by appellee in defending this appeal, including attorney's fees and costs incurred in the remand hearing. See Fox v. Fox, 61 Va. App. 185, 208, 734 S.E.2d 662, 673 (2012).

Affirmed and remanded.