COURT OF APPEALS OF VIRGINIA

Present:  Judges Chaney, Callins and Senior Judge Petty
Argued at Lexington, Virginia

TIMOTHY P. GRIFFIN

v.      Record No. 1260-21-3

ANGELICA TIFFANY GRIFFIN

MEMORANDUM OPINION[*] BY
JUDGE DOMINIQUE A. CALLINS
OCTOBER 18, 2022

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

Timothy P. Griffin, *pro se*.

Kelly Cutler Lumb (Cutler Law, PLLC, on brief), for appellee.


The parties, Timothy Griffin ("husband") and Angelica Griffin ("wife"), married in 2010 in

Hurt, Virginia.  Seven years later, they were divorced.  The divorce decree incorporated the parties'

property settlement and separation agreement ("PSA"), which reserved wife's right to petition for

spousal support.  Now, husband assigns three errors that the lower courts allegedly made related to

spousal support determinations.  He alleges that (1) the juvenile and domestic relations district court

("JDR court") did not have jurisdiction to enter a spousal support order, (2) the circuit court erred in

awarding wife attorney fees in conjunction with the spousal support order, and (3) the circuit court

erred in awarding wife spousal support for a period longer than half of the marriage.

BACKGROUND

Husband and wife married in 2010 and welcomed their first child in 2012.  They separated

on August 26, 2013.  Two years later, in 2015, the parties signed the PSA and wife filed for divorce.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The next year, the parties' second child was born. The parties did not reconcile, and the circuit court entered a decree of divorce *a vinculo matrimonii* on November 17, 2017. That decree of divorce incorporated the PSA and stated that "All matters regarding custody, visitation, and support are hereby remanded to the juvenile and domestic relations district court of appropriate jurisdiction." The record does not reflect that either party objected to entry of the decree.

In 2020, after the parties failed to resolve the custody, visitation, and support issues on their own, wife petitioned the JDR court to determine the issues. Her request for spousal support was based on the following clause in the PSA:

SPOUSAL SUPPORT

It is agreed by and between the parties that the Wife's right to receive or petition for an award of spousal support is specifically reserved to her and she may petition at any time after the execution of this agreement, without the need to demonstrate a material change in circumstances. The Husband expressly waives his right to receive, request, or be awarded alimony, spousal support, or any other such marital claim of support including, but not limited to, support rights under §§ 20-103, 20-107.1, or 20-107.3 (the Equitable Distribution Act) of the 1950 Code of Virginia, as amended, now or in the future.

The JDR court granted her petition and issued an order that determined custody, required husband to pay spousal support at a rate of $1,875 per month, and required him to pay monthly child support. Husband objected to the JDR court's jurisdiction, arguing that Code § 20-79(c) did not allow the circuit court to remand the determination of spousal support to the JDR court. He then appealed the JDR order to the circuit court, which held a trial de novo.

The circuit court issued an order determining custody and requiring husband to pay wife $1,100 monthly in spousal support until December 2026 and $1,653 monthly in child support. The order also included an award to wife of $10,000 of her $27,000 request for attorney fees. The order did not distinguish portions of the attorney fee award based on the spousal support determination versus the child custody and support determinations. Husband objected to the circuit court's

- 2 -

spousal support award of $1,100 per month until December 2026, arguing that the duration was impermissibly long.  He also objected to the award of attorney fees, arguing that the following provision in the PSA precluded any later awards of attorney fees:

> COUNSEL FEES
> Each party acknowledges that David B. Bice, attorney at law, is retained to represent the Wife only and does not represent the Husband.  Both parties hereto shall pay attorney's fees to their respective counsel in connection with the negotiation and execution of this Agreement or for a divorce, which may ensue.

The PSA also included a release clause:

> The parties hereto mutually remise, release and forever discharge each other from any and all actions, suits, debts, claims, demands and obligations whatsoever, whether in law or in equity, which either of them had, now has, or may hereafter have against the other upon or by reason of any matter, cause or think up to the date of the execution of this Agreement, except (a) a suit for divorce, and (b) the obligations provided in this Agreement.

The circuit court rejected husband's argument, stating in the order that the PSA "does not mention attorney's fees in any of its provisions."  Husband timely appealed.

## ANALYSIS

 I. The Juvenile and Domestic Relations District Court Had Jurisdiction Under Code § 20-79(c) to Determine Spousal Support

Although husband did not object to the divorce decree when it was entered, husband now contends that the circuit court did not have the authority to remand "all matters regarding . . . [spousal] support" to the JDR court.  As husband's assignment of error raises an issue of statutory interpretation, we review it de novo.  *See Lewis v. Commonwealth*, 295 Va. 454, 461 (2018).  In so doing, we "apply the plain language of [the] statute unless the terms are ambiguous."  *Linton v. Linton*, 63 Va. App. 495, 498 (2014) (quoting *Boynton v. Kilgore*, 271 Va. 220, 227 (2006)).

In Virginia, JDR courts and circuit courts have concurrent original jurisdiction to determine spousal support. Code §§ 16.1-241(L), 16.1-244(A), 20-107.1. And when a circuit court's authority to determine spousal support follows from its jurisdiction in a divorce action, it may transfer its authority to award spousal support to a JDR court.[1] Code § 20-79. When the parties' divorce decree was entered, Code § 20-79(c) stated:

> In any suit for divorce . . . the court may . . . in any . . . decree of divorce a vinculo matrimonii . . . transfer to the juvenile and domestic relations district court the enforcement of its orders pertaining to support and maintenance for the spouse. . . . In the transfer of any matters referred to herein, the court may, upon the motion of any party, or on its own motion, and for good cause shown, transfer any matters covered by said decree or decrees to any juvenile and domestic relations district court within the Commonwealth that constitutes a more appropriate forum.[2]

Put more simply, on November 17, 2017, the circuit court could transfer, *sua sponte*, "the enforcement of its orders pertaining to support and maintenance for the spouse." *Id.*

Husband argues that under Code § 20-79(c), the circuit court had to hold its own hearing to determine spousal support and enter an order establishing the amount of spousal support. He argues that Code § 20-79(c) only gave the circuit court the authority to transfer the enforcement of a circuit court spousal support order where the circuit court made an initial determination of spousal support.

---

[1] This is true whether spousal support is ordered pursuant to a PSA or a court ruling. *See* Code § 20-109.1 (stating that when a court affirms, ratifies, and incorporates a settlement agreement, the terms of the agreement are enforceable as terms of the decree).

[2] Effective July 1, 2018, the legislature amended the statute to state,

> A court shall not (i) transfer a case for modification to the juvenile and domestic relations district court in the absence of a motion by either party or (ii) require a provision for transfer of matters for modification to the juvenile and domestic relations district court as a condition of entry of a decree of divorce a vinculo matrimonii.

2018 Va. Acts ch. 254. Because the circuit court entered the divorce decree almost a year before this statutory language took effect, the amended statute does not apply. *See* Code § 1-239.

- 4 -

But the verb "to enforce" means "to cause to take effect." *Enforce, Webster's Third New Int'l Dictionary* (2021). In this context, "enforcement" is readily understood to include implementation of a circuit court order generally and not simply to ensuring compliance with or otherwise supervising an obligation already fully specified in such order. The circuit court order directed the JDR court to determine spousal support. The only way that the JDR court could "enforce" that order "pertaining to" spousal support was by determining spousal support. Nothing in the statute limits which types of orders the JDR court may "enforce," so long as the order pertains to spousal support or maintenance. By the plain language of the statute, the circuit court had the authority to transfer the determination of spousal support. The circuit court's order then obligated the JDR court to determine spousal support, which is exactly what the JDR court did. Each court acted properly under Code § 20-79(c).

## II. The Circuit Court Did Not Err in Awarding Wife Attorney Fees

Husband argues that the circuit court improperly awarded wife attorney fees because the PSA precluded such an award. We review a court's interpretation of the parties' agreement de novo.[3] *Jones v. Gates*, 68 Va. App. 100, 105 (2017). "Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." *Southerland v. Estate of Southerland*, 249 Va. 584, 588 (1995). In reviewing a PSA, the reviewing court must determine "the intent of the parties and the meaning of the language . . . from an examination of the entire instrument, giving full effect to the words the parties actually used." *Jones*, 68 Va. App. at 106 (quoting *Layne v. Henderson*, 232 Va. 332, 337-38 (1986)).

---

[3] The circuit court found that the PSA did not address attorney fees, but that finding was incorrect. However, because we review the PSA de novo, that finding is irrelevant to our analysis.

When an agreement signed before the entry of a divorce decree stipulates attorney fees, the divorce decree must conform with that agreement. *See* Code § 20-109. And "where an agreement is complete on its face . . . the [C]ourt is not at liberty to search for its meaning beyond the instrument itself." *Rutledge v. Rutledge*, 45 Va. App. 56, 64 (2005) (quoting *Ross v. Craw*, 231 Va. 206, 212 (1986)). But where the agreement is silent, "Code § 20-109 does not prohibit a trial court from ordering a course of action upon a matter that the parties do not address in their property settlement agreement, provided the court is not otherwise precluded from doing so and the course of action is appropriate." *Id.* at 66 (quoting *Sanford v. Sanford*, 19 Va. App. 241, 250 (1994)).

Husband argues that the PSA is complete on its face so that, because the agreement does not mention future attorney fee awards, the circuit court could not award wife her attorney fees. This argument fails, at least in part, because the PSA was completely silent on the child born after the PSA was drafted. Any expenses that wife incurred when litigating the custody and support of the second child could not have been contemplated by the PSA that was drafted and signed before the child was conceived. The circuit court was well within its authority to award appropriate attorney fees for those issues. *See id.*

Whether the circuit court could award fees for the litigation relating to spousal support is less clear because the PSA addressed spousal support but did not address related fee awards. Husband's argument relies on *Rutledge*, a case where the parties signed a PSA that provided for attorney fees awards in some instances. *Id.* at 59. The parties in *Rutledge* agreed that the husband had to pay the wife's attorney fees associated with filing for divorce and that in the event of breach, the breaching party would pay the other party's fees incurred to remedy the breach. *Id.* The *Rutledge* PSA also had a comprehensive waiver provision that waived "any and all" claims against the other party aside from divorce and actions to enforce the PSA. *Id.* at 67.

So, in an action to modify spousal support, the parties in *Rutledge* were not entitled to attorney fee awards because such fees were not provided in the PSA. *Id.* at 66. Under the principle of *expressio unius est exclusio alterius*, the facts that the parties (1) specifically provided for attorney fee awards in some instances and (2) waived all other claims meant that the parties were not entitled to attorney fee awards in any other instance. *Id.* at 66-67.

There are two major differences between the PSA in *Rutledge* and the PSA here. First, unlike in *Rutledge*, here the PSA only provides that the parties will pay their own attorney fees in connection with the negotiation of the PSA and filing for divorce. It is completely silent on shifting attorney fee awards from one party to another. The provision does not "show[] the parties were cognizant of events in which attorney's fees would be paid." *See id.* at 65. If anything, the lack of provision here implies that the parties did not intend for the PSA to establish when a court should award attorney fees. Second, the waiver provision in this PSA specifically releases the parties "from any and all . . . obligations whatsoever . . . except (a) a suit for divorce, and (b) the obligations provided in this Agreement." Unlike in *Rutledge*, this clause does not show that "the parties' inten[ded] to resolve all rights, claims, and obligations" within the four corners of the agreement. *See id.* at 66. This waiver provision is not nearly as expansive as the provision in *Rutledge*, and husband cannot rely on it to argue that the principle of *expressio unius est exclusio alterius* applies.

The absence of a term in a contract reflects that it was either purposely excluded from the terms of the contract, or that the issue was not contemplated by the contracting parties. Our role on appeal is not to write words into the parties' duly negotiated agreement, but to review the words the parties used to determine their intention. *Id.* at 64-65 (citing *Layne*, 232 Va. at 337-38). To hold as husband urges, that the PSA prohibits a trial court from awarding attorney fees in a spousal support determination, would require us to impermissibly write words into the

agreement.  Nothing in the PSA shows that the parties intended to prohibit attorney fees awards

in future litigation.  The PSA was not a comprehensive agreement, and it was silent on whether a

trial court may award attorney fees in connection with wife's petition for spousal support.  Thus,

because "Code § 20-109 does not prohibit a trial court from ordering a course of action upon a

matter that the parties do not address in their [PSA]," the circuit court had the discretion to award

attorney fees. *See id.* at 64.  It did not err in doing so.

### III.  The Circuit Court Did Not Err in Awarding Wife Spousal Support

Husband's third assignment of error incorrectly interprets Code § 20-107.1(D) as

establishing a rebuttable presumption that spousal support payments may not be awarded for longer

than half the length of the marriage.  Code § 20-107.1(D) states, in relevant part,

> [T]he court may reserve the right of a party to receive support in
> the future.  In any case in which the right to support *is so reserved*,
> there shall be a rebuttable presumption that *the reservation* will
> continue for a period equal to 50 percent of the length of time
> between the date of the marriage and the date of separation.

(Emphasis added).

Statutory interpretation is a question of law reviewed de novo.  *Lewis*, 295 Va. at 461.

"[C]ourts apply the plain language of a statute unless the terms are ambiguous." *Linton*, 63

Va. App. at 499 (quoting *Boynton*, 271 Va. at 227).  The plain language of Code § 20-107.1(D)

establishes a rebuttable presumption that, where a court reserves a party's right to receive

support, the *reservation* may not continue indefinitely.  The language clearly refers to the

reservation and not to the contemplated award.  Husband's reading conflicts with the plain

language of the statute.  When a trial court makes an award of spousal support, the duration of

the support award is squarely within its discretion.  Code § 20-107.1(C).  It may award spousal

support for a defined duration, an undefined duration, as a lump sum, or any combination of the

three options. *Id.* Nothing in Code § 20-107.1(D) limits the length of time for which a spouse may receive spousal support.[4]

Here, the negotiated terms of the PSA state that "Wife's right to receive or petition for an award of spousal support is specifically reserved to her and she may petition at any time after the execution of this agreement, without the need to demonstrate a material change in circumstances." Based on the plain language of the PSA, wife had a right to petition for spousal support at any time. *See* Code § 20-109.1 ("Where the court affirms, ratifies and incorporates by reference in its decree such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree."). Therefore, the rebuttable presumption in Code § 20-107.1(D) does not apply. The circuit court did not err in awarding spousal support to wife.

## IV. Award of Attorney Fees on Appeal

Wife has requested an award of her appellate attorney fees. It is within our discretion to award attorney fees to a party on appeal. *Friedman v. Smith*, 68 Va. App. 529, 545 (2018); Rule 5A:30(b). In deciding whether to grant wife's request, we consider several factors, "including whether the requesting party prevailed, whether the appeal was frivolous, whether either party generated unnecessary expense or delay in pursuit of its interests, as well as 'all the equities of the case.'" *Friedman*, 68 Va. App. at 546; Rule 5A:30(b). In domestic relations cases, we also award attorney fees where the assignments of error are "not fairly debatable under any reasonable construction of the record or the governing legal principles." *Brandau v. Brandau*, 52 Va. App. 632, 642 (2008). Where only some assignments of error are "not fairly debatable," we grant a partial fee award. *See id.* at 643.

---

[4] Because a presumptive limit to the duration of spousal support does not exist, we do not consider husband's arguments that wife did not rebut that presumption.

Husband's first and third assignments of error readily meet the *Brandau* standard because his interpretations of the divorce decree and relevant statutes contradict the plain language of those texts. Thus, these assignments of error clearly qualify as not fairly debatable and frivolous. *See id.* at 642; *Byrd v. Byrd*, 232 Va. 115, 119 (1986) (recognizing the definition of "frivolous" as "*having no basis in law or fact*" (quoting *Webster's Third New International Dictionary* 913 (1971))); *see also Livingston v. Virginia State Bar*, 286 Va. 1, 13 (2013) (noting an alternative definition of "frivolous" as "lacking a legal basis or legal merit" (quoting *Black's Law Dictionary* 739 (9th ed. 2009))). Wife is entitled to reasonable attorney fees incurred in defending against those assignments of error. Conversely, even though husband's second assignment of error ultimately failed, we cannot say it was "frivolous." Wife is not entitled to attorney fees for defending against assignment of error two.

Although the equities of a case may, at times, weigh against a fee award adverse to a *pro se* party, husband is a Virginia licensed attorney who knowingly decided to file an appeal and proceed *pro se*. The equities lie in wife's favor, and she is entitled to a partial fee award.

CONCLUSION

For the reasons stated above, we affirm the judgment of the circuit court. We remand this case to the circuit court for the limited purpose of determining and awarding to wife the appropriate amount of appellate attorney fees.

*Affirmed and remanded.*