UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Malveaux, Ortiz and Causey
Argued at Lexington, Virginia

KEITH IVERSON HARROP, II

                                                                MEMORANDUM OPINION[*] BY
v.          Record No. 0158-22-3                  JUDGE DORIS HENDERSON CAUSEY
                                                                MARCH 7, 2023

LESLEY ANN BUTTERFIELD HARROP

FROM THE CIRCUIT COURT OF ROANOKE COUNTY
James R. Swanson, Judge

Melanie Hubbard (Malinowski Hubbard, PLLC, on briefs), for
appellant.

Monica Taylor Monday (Brooke Rosen, Guardian ad litem for the
minor children; Gentry Locke; Woods Rogers PLC, on brief), for
appellee.

Lesley Ann Butterfield Harrop ("wife") and Keith Iverson Harrop, II ("husband"), were

divorced by order of the trial court, which also provided for equitable distribution of the parties'

marital estate and awarded to wife sole legal and physical custody of their four children.  On

appeal, husband challenges the trial court's distribution of the marital residence and marital debt.

He also seeks review of the trial court's custody ruling.  For the following reasons, we affirm the

trial court's judgment.

BACKGROUND

The parties were married on July 30, 2005, and separated around March 11, 2017, after

more than ten years of marriage.  Wife filed for divorce soon after.  Over the course of several

hearings, the parties presented evidence on equitable distribution, spousal support, child custody,

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

child support, and attorney fees. They subsequently submitted written closing arguments. In December 2020, the trial court issued its letter opinion.

The court awarded husband the marital residence ("Overhill Trail home"), which husband and wife jointly owned. Husband requested that a portion of the reduction in mortgage principal since the parties' separation be credited to him. The court denied this request. Husband had paid the mortgage at the Overhill Trail home between March 2017 through October 2018 and December 2019 through June 2020, but from November 2018 through November 2019, the Church of Latter-Day Saints ("church") paid the mortgage. The court found that "[s]ince the gifted funds from the church were used to make the mortgage payments on the residence that was jointly owned by the parties," the gift was for both parties and not husband individually.

The trial court also ruled that husband and wife would each "pay and be solely responsible for the marital debt in his or her individual name." The trial court found that wife had marital debts in her name totaling $43,253 and husband had marital debts in his name totaling $493,027. The court found that it had "no authority to . . . order the division of marital debt that is not jointly owed."

Finally, the trial court awarded sole custody of the parties' four children to wife. The court found that based on the evidence, the parties' arguments, the statutory factors, and the guardian ad litem's report, it was in the best interests of the children for wife to have sole custody, with visitation to husband. At the beginning of the trial, wife had not explicitly requested sole custody, but she filed a supplemental notice and a motion including a request for sole legal and physical custody during the trial.

Husband filed a motion to reconsider the trial court's rulings. Husband and wife were divorced by final decree entered by the court in April 2021, but the decree stated that the decree was not a final order as the court was retaining jurisdiction to consider husband's motion to

reconsider. The trial court held a hearing on husband's motion to reconsider and issued a letter opinion in November 2021, which decreased husband's support obligations but did not modify the court's previous rulings on the church's gift payments, marital debt, or child custody. The court then entered an order memorializing its letter opinion and finding that the order was final for purposes of appeal because "there [were] no further issues for adjudication by the court or any ongoing suspension of the court's jurisdiction." Husband timely appeals the court's equitable distribution and custody rulings.

ANALYSIS

I. Equitable Distribution of the Marital Residence

Husband first contends that the trial court erred by classifying the church's payments of the mortgage on the Overhill Trail home as a marital contribution to the property rather than husband's separate contribution. He argues that these payments were gifts from the church intended for his benefit alone, so the court, in its equitable distribution determination, should have credited him for the reduction in the mortgage principal. However, we hold that the trial court did not err because the evidence supports its conclusion that the payments were marital property.

"We begin our analysis by recognizing the well-established principle that all trial court rulings come to an appellate court with a presumption of correctness." *Wynnycky v. Kozel*, 71 Va. App. 177, 192 (2019) (quoting *Stiles v. Stiles*, 48 Va. App. 449, 453 (2006)). "In challenging [a] court's decision on appeal, the party seeking reversal bears the burden to demonstrate error on the part of the trial court." *Sobol v. Sobol*, 74 Va. App. 252, 272-73 (2022) (quoting *Barker v. Barker*, 27 Va. App. 519, 535 (1998)). On appeal from an equitable distribution award, we review the evidence in the light most favorable to the party prevailing below. *See, e.g.*, *Anderson v. Anderson*, 29 Va. App. 673, 678 (1999). We will not overturn an

equitable distribution judgment unless we find "an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award." *Dixon v. Dixon*, 71 Va. App. 709, 717-18 (2020) (quoting *Anthony v. Skolnick-Lozano*, 63 Va. App. 76, 83 (2014)). "[T]o the extent that the appeal requires an examination of the proper interpretation and application of Code § 20-107.3, it involves issues of law, which the Court reviews *de novo* on appeal." *Id*. at 718.

"Because the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." *Ranney v. Ranney*, 45 Va. App. 17, 31-32 (2005). "In making an equitable distribution of property under [Code § 20-107.3], the [trial] court first must classify the property as separate, marital, or part separate and part marital." *Lightburn v. Lightburn*, 22 Va. App. 612, 616 (1996). Under the equitable distribution statute, "separate property" includes, in relevant part, "all property acquired during the marriage by . . . gift from a source other than the other party." Code § 20-107.3(A)(1)(ii).[1] On the other hand, "marital property" includes "all property titled in the names of both parties," and "all other property acquired by each party during the marriage which is not separate property." Code § 20-107.3(A)(2)(i), (iii).

---

[1] We recognize that because the property at issue was acquired after the date of the parties' last separation, husband would have been entitled to a presumption that the property was separate property. *See Luczkovich v. Luczkovich*, 26 Va. App. 702, 708 (1998) ("Property acquired after the last separation is presumed to be separate unless the party claiming otherwise proves that the property 'was acquired while some vestige of the marital partnership continued or was acquired with marital assets.'" (quoting *Dietz v. Dietz*, 17 Va. App. 203, 211-12 (1993))). However, because husband did not make this argument to the trial court or to this Court on appeal, we treat it as waived. *Coward v. Wellmont Health Sys.*, 295 Va. 351, 367 (2018) ("[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." (quoting *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017) (applying Rule 5A:20(e)))).

We cannot say the trial court abused its discretion in its factual finding that the mortgage payments from the church constituted marital property. It is true that "gifts from others to a party represent separate property" under Code § 20-107.3(A)(1)(ii). *Sfreddo v. Sfreddo*, 59 Va. App. 471, 480 (2012). But a gift to one of the spouses will be treated as separate property only "if there is credible evidence presented to show that the property was intended by the donor to be the separate property of one of the spouses." *Stainback v. Stainback*, 11 Va. App. 13, 17-18 (1990). "[Donative i]ntent is a question to be determined by the fact finder." *Cirrito v. Cirrito*, 44 Va. App. 287, 305 (2004).

The trial court did not err in concluding that husband did not present sufficient credible evidence to show that the church intended the gift for him alone. Neither party disputes that they jointly owned the Overhill Trail home as marital property. The checks from the church were made payable to the jointly owned home's mortgage holder, SunTrust Bank, rather than husband individually. Husband presented no testimony from the church that the church intended to give the gift to him alone. *Contra Stainback*, 11 Va. App. at 17-18 (donor's intent to gift stock separately to husband established by donor's testimony); *Foster v. Foster*, No. 1141-21-2, slip op. at 15 (Va. Ct. App. June 21, 2022) (donor's intent to gift stock separately to husband established by donor's financial advisers' testimony and emails specifically mentioning "gifting shares to [husband]").

Husband's emphasis that the payments from the church resulted from his initiative— without wife's involvement or knowledge—is not dispositive because he failed to establish how *his* actions revealed the *church's* donative intent. Evidence of how husband acquired the gift, without more, does not prove as a matter of law that the church had a donative intent for his individual benefit. Instead, the trial court could have found such evidence merely cumulative to

- 5 -

already established evidence: the church intended to contribute to the mortgage of the parties' jointly held property.[2]

The court, in its role as factfinder, was entitled to evaluate the credibility of husband's self-serving testimony. *See Harvey v. Flockhart*, 65 Va. App. 131, 146 (2015) ("The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." (quoting *Sandoval v. Commonwealth*, 20 Va. App. 133, 138 (1995))).

It was within the trial court's discretion to conclude that husband's independent engagement with the church did not overcome the evidence supporting that its payments were marital property. Because we cannot say the trial court was plainly wrong to find that the church donations were marital property, we affirm on this issue.[3]

---

[2] Nor is wife's failure at trial to claim an interest in the gifted funds sufficient evidence of the church's intent to gift separate property. As discussed above about husband's actions, wife's actions here do not speak to the *church's* donative intent.

[3] This assignment of error also presented an issue of statutory construction that we need not reach. Code § 20-107.3(A)(3)(d) provides, "[w]hen marital property and separate property are commingled by contributing one category of property to another, resulting in the loss of identity of the contributed property, the classification of the contributed property shall be transmuted to the category of property receiving the contribution." But "to the extent the contributed property is retraceable by a preponderance of the evidence *and was not a gift*, such contributed property shall retain its original classification." *Id.* (emphasis added). Husband argues that "gift" in this clause "refers to whether the separate contribution by a spouse was a gift to the other spouse or the marital estate; it does not refer to the source of the separate contribution." However, the trial court did not rely on this provision. Because it correctly found that the mortgage payments were a gift to both parties, they were never husband's separate property and thus never "commingled." Therefore, the trial court's ruling regarding these payments did not rely on the "and was not a gift" language in the statute, and there is no statutory interpretation by the trial court for this Court to review on appeal. For the same reasons, we also need not reach whether husband satisfied, by a preponderance of the evidence, Code § 20-107.3(A)(3)(d)'s requirement that he retrace any separate property from commingled property. *See Commonwealth v. White*, 293 Va. 411, 419 (2017) ("[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015))).

- 6 -

II. Equitable Distribution of the Marital Debt

Husband next argues that the trial court erred and abused its discretion in its decisions on

the parties' marital debts. First, husband argues that the trial court erred when it found it had no

authority under Code § 20-107.3(C) to order the division of marital debt not jointly owned or in

the parties' joint names, and thus ruled each party was solely responsible for the debts in his or

her own name. Second, husband contends that the trial court's decision to hold husband solely

responsible for most of the marital debts was both not supported by the evidence and inequitable.

Because the court correctly interpreted and applied Code § 20-107.3(C) and ruled within its

discretion based on evidence in the record, we hold that there was no error.

A. Interpretation of Code § 20-107.3(C)

The trial court ruled:

> By the terms of Va. Code § 20-107.3(C), the Court has no
> authority to . . . order the division of marital debt that is not jointly
> owed. Accordingly, after consideration of the evidence and the
> factors enumerated in Va. Code § 20-107.3(E), each party shall
> pay and be solely responsible for the marital debt in his or her
> individual name.

Code § 20-107.3(C) provides in relevant part that "the court shall have no authority to

order the division or transfer of . . . marital debt, which is not jointly owned or owed." *See also*

*Linton v. Linton*, 63 Va. App. 495, 500 (2014) ("Code § 20-107.3(C) specifically prohibits the

court from dividing or transferring property which is *not* jointly owned."). Code § 20-107.3(C)

further provides that the "court shall also have the authority to apportion and order the payment

of the debts of the parties, or either of them, that are incurred prior to the dissolution of the

marriage, based upon the [equitable distribution] factors listed in subsection E." Taking the

provisions together, Code § 20-107.3(C) precludes courts from dividing or transferring marital

debts in one individual spouse's name, but still gives courts the option to account for those debts

by ordering one spouse to pay debts in the other spouse's name, after analyzing the equitable distribution factors listed later in subsection E.

Here, the trial court correctly found that husband was responsible for the debt in his name. The trial court found—and the parties did not dispute—that the marital debts at issue (mostly student loans) were not jointly owed. The trial court correctly recognized that it lacked authority to divide those debts under Code § 20-107.3(C). Instead, the court could account for the debts in the course of equitably distributing the property under Code § 20-107.3(E), and it did just that, as discussed in the section below. We cannot say that the trial court erred in concluding that it lacked the authority to divide debt solely in husband's name under Code § 20-107.3(C).

### B. Evidence and Equitable Considerations Supporting Trial Court's Distribution of Individual Debt Under Code § 20-107.3(E)

We next address whether the court erred in applying Code § 20-107.3(E) to equitably distribute the property. The court found husband solely responsible for all marital debts in his own name, totaling $493,027, and wife responsible for all marital debts in her own name, totaling $43,253. Husband contends that the trial court's equitable distribution determination is not supported by the evidence on the record. He argues that the evidence shows that he "is not financially able to bear full responsibility" for the debts. He also claims that it is inequitable for him to pay these debts while wife has benefitted from his increased earnings from debts incurred for his completion of medical school and residency, and improvements made to a house the parties jointly owned.

As stated in Section I, this Court will not reverse an equitable distribution award "[u]nless it appears from the record that the [trial court] has abused [its] discretion," that the trial court "has not considered or has misapplied one of the statutory mandates," or "that the evidence fails to support the findings of fact underlying [the] resolution of the conflict." *Smoot v. Smoot*, 233 Va. 435, 443 (1987). "An abuse of discretion occurs only when 'reasonable jurists' could

not disagree as to the proper decision. . . . Th[e] bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013) (quoting *Brandau v. Brandau*, 52 Va. App. 632, 641 (2008)).

A trial court must consider several statutory factors in equitably distributing property at divorce. *See* Code § 20-107.3(E). "What weight, if any, to assign to this or that factor in the overall decision lies within the trial court's sound discretion." *Hamad*, 61 Va. App. at 606 (quoting *Robbins v. Robbins*, 48 Va. App. 466, 481 (2006)).

Factors under Code § 20-107.3(E) include the "contributions, monetary and nonmonetary, of each party to the well-being of the family"; "circumstances and factors which contributed to the dissolution of the marriage"; and the "debts and liabilities of each spouse." Code § 20-107.3(E)(1), (5), (7).

Viewing the facts in the light most favorable to wife, the prevailing party below, the trial court appropriately exercised its broad discretion to determine an equitable distribution award. The court found that "there appears little question that the cumulative effect of the extra-marital conduct of [husband] was devastating and that as a result, the conduct of [husband] constituted a significant negative nonmonetary contribution to the parties' marriage and family." Under the plain language of the equitable distribution statute and binding precedent construing it, the court was free to consider husband's actions that contributed to the dissolution of the marriage. Code § 20-107.3(E)(1), (5); *Cousins v. Cousins*, 5 Va. App. 156, 158 (1987) (holding that in an equitable distribution matter, "[c]ircumstances and factors which may have contributed to the dissolution of a marriage, regardless of whether they constituted grounds for divorce, may be considered in weighing the equities between parties"). The court's factfinding, supported throughout the record, also describes wife's positive contributions to the family, including

raising the parties' children and spending substantial time educating herself on how best to care and advocate for the child with autism. *See* Code § 20-107.3(E)(1).

Additionally, in considering the "debts and liabilities of each spouse," the court accounted for holding husband responsible for most of the marital debts by awarding wife less of the marital property than she had sought.

Because the court's apportionment of the marital debt is within its broad discretion and supported by evidence, we find no error and will not disturb the trial court's equitable distribution determination.

### III. Custody of the Parties' Children

Finally, husband challenges the trial court's award of sole legal custody of the parties' four children to wife. "We review a court's decision regarding child custody for an abuse of discretion." *Armstrong v. Armstrong*, 71 Va. App. 97, 102 (2019). "Under this standard, the Court views the evidence in the light most favorable to the prevailing party and does not 'retry the facts or substitute [its] view of the facts for [that] of the trial court.'" *Id.* (alterations in original) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 266 (2003)). "If 'evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal.'" *Id.* (quoting *Brown v. Brown*, 30 Va. App. 532, 538 (1999)).

Husband first argues that the trial court erred in granting wife sole custody because it granted her "relief that she did not request in her complaint for divorce or at trial." We disagree.

This Court has held that a court may award relief it deems appropriate, even if that form of relief was not specifically requested by that party. In *D'Ambrosio v. D'Ambrosio*, 45 Va. App. 323, 336 (2005), we held that the circuit court properly gave one parent sole authority to choose the child's pediatrician, noting that "[a]lthough [one party] did not request the sole right to select [the child's] pediatrician in her pleadings, she nonetheless prayed that the court grant any other relief it

deemed just." This Court found that "the trial court did not err in fashioning 'an appropriate remedy that comport[s] with the best interest of the children, even [though it was not] specifically requested by the mother or father.'" *Id.* at 338 (alterations in original) (quoting *Cloutier v. Queen*, 35 Va. App. 413, 424 (2001)).

Here, husband put the question of custody before the court in his counterclaim for divorce when he asked the court to "adjudicate issues of child custody, visitation and support of the parties' minor children." Thus, the court had authority to award sole custody to either wife or husband, if it found doing so was in the children's best interests. Code § 20-124.2(B).

Husband then argues that, even if the court was permitted to award custody to wife as relief, the trial court erred because its custody decision was not supported by the evidence on the record. We disagree.

Code § 20-124.3 requires that "[a] trial court . . . consider all the statutory factors in determining the best interests of a child for custody and visitation." *Armstrong*, 71 Va. App. at 104 (internal quotations and citation omitted). But the trial court is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." *Id.* (quoting *Sargent v. Sargent*, 20 Va. App. 694, 702 (1995)).

Here, the court considered all of the statutory factors, and the evidence in the record supports the trial court's award of sole legal custody to wife. In its letter opinion, the court stated that "after considering the evidence, the report of the Guardian *ad litem* and the factors enumerated in Va. Code § 20-124.3, it is in the best interests of the children of the parties that Ms. Harrop have sole custody of the four minor children." The court's letter opinion specifically emphasizes the following four factors from Code § 20-124.3:

> (1) The age and physical and mental condition of the child, giving
> due consideration to the child's changing developmental needs;

(3)     The relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life, the ability to accurately assess and meet the emotional, intellectual, and physical needs of the child;

(4)     The needs of the child, giving due consideration to other important relationships of the child, including but not limited to siblings, peers, and extended family members; [and]

(5)     The role that each parent has played and will play in the future, in the upbringing and care of the child[.]

The guardian ad litem's report recommended that it was in the children's best interests for wife to have sole custody. The report explained that husband was "resistant to engage in a dialogue with [wife] about child-related decisions" and lacked "willingness to collaborate with her over the past three years" on childcare decisions. The report listed detailed examples of when "even if an agreement is reached in the moment, [husband] takes steps afterwards to frustrate the process and recharacterize the outcome." The guardian ad litem recognized that husband was attending most school meetings for the child with autism and was "engaged in the discussion" when she observed a meeting, but that "[w]hen confronted with the issues of external/out-of-school therapies for autism or assistance for developmental challenges, [husband] appears to be mostly resistant and uninvolved." The report also included examples of husband's "quick-to-anger temperament" and other concerning behavior by husband around the children. The guardian ad litem contrasted husband's behavior with evidence of wife's fitness as parent, including her devotion to educating herself about autism and advocating for the educational needs of the child with autism even while working full-time and caring for four children with varying degrees of special needs. The trial court also heard extensive testimony about each party's involvement and relationship with the children.

The trial court credited the guardian ad litem report as "particularly insightful [and] thorough" and found that "for the most part, the assessments and conclusions set out [in the report]

- 12 -

coincide closely with those of th[e] Court."[4] The guardian ad litem report and trial testimony include evidence relevant to each of the four Code § 20-124.3 factors the court cited as the basis for its custody decision. And the trial court explained its decision in writing with detailed factfinding based on that evidence. The trial court was well within its discretion to find that the children's best interests were served by wife having sole custody.

## IV. Appellate Attorney Fees

Each party requests appellate attorney fees. "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." *Friedman v. Smith*, 68 Va. App. 529, 545 (2018). "Since this litigation 'addressed appropriate and substantial issues,' and 'neither party generated unnecessary delay or expense in pursuit of its interests,'" we deny both parties' requests for an award of attorney fees and costs incurred on appeal. *Porter v. Porter*, 69 Va. App. 167, 176 (2018) (quoting *Estate of Hackler v. Hackler*, 44 Va. App. 51, 75 (2004)); *see also* Rule 5A:30(b). Additionally, in making such a determination, the Court considers all the equities of the case. Rule 5A:30(b)(3).

CONCLUSION

For the reasons above, we affirm.

*Affirmed*.

---

[4] We find no merit to husband's argument on brief that a guardian ad litem report is entitled to no more weight than a closing argument. *See Wiencko v. Takayama*, 62 Va. App. 217, 233 (2013) (finding that the abuse of discretion standard "affords the trial court appropriate flexibility in determining to what extent it should rely on the recommendation of the guardian *ad litem*"); *Bottoms v. Bottoms*, 249 Va. 410, 420 (1995) (reversing trial court's custody determination for *failing* to consider guardian ad litem report).